State vs. Claude.

## No. 8714.

### THE STATE OF LOUISIANA VS. ADOLPHE CLAUDE ET AL.

Art. 117 of the Constitution and Act 77 of 1880 contain nothing inconsistent with previously existing laws authorizing District Judges to call special jury terms; and the latter, therefore, are not repealed.

Where, in calling such a term, the Judge has complied with all the duties imposed on him by the law, the partial failure by the clerk to perform all the duties imposed on him, with reference to giving notice, will not invalidate the term, under the circumstances disclosed in this case.

Where the Judge was appointed to fill a vacancy during the recess of the senate, and then appoints jury commissioners, his subsequent confirmation by the senate and taking a new oath, does not create such a new term as vacates the offices of the jury commissioners and requires a new appointment.

Act 44 of 1877 conferring on clerks the *ex-officio* duty of acting as jury commissioners, is not repealed by Art. 122 of the Constitution, or Acts 106 of 1880 and 43 of 1882.

Evidence as to the dangerous or vicious character of deceased is not admissible unless the proof previously administered has laid the legal foundation for the admission thereof, which, under the statements of facts made by the Judge in the bill of exceptions, has not been done in this case.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Clegg*, J.

*J. C. Egan*, Attorney General, and *Jos. A. Chargois*, District Attorney, for the State, Appellee.

*C. Debaillon* and *C. H. Mouton* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J. The indictment of defendants for murder was presented at and during a " special jury term " called and held by the Judge of the court.

On the first day of the term, motion was made by defendants to quash the *venire* of jurors, the denial of which motion is one of the errors now assigned. The grounds of the motion will be stated and determined consecutively :

1. That under the existing Constitution and law of the State, District Judges have no power to call special jury terms.

Article 117 of the Constitution of 1879 contains nothing inconsistent with pre-existing laws, or prohibitive of subsequent legislation, authorizing District Judges to hold adjourned or special terms of their courts, when found necessary, and to summon juries to attend the same and to transact business civil or criminal thereat.

Art. 117 evidently regulates only the regular terms of the courts by providing the least number of terms and the least number of jury terms which shall be held, and by directing that, until provided by law, such terms shall be fixed by rule of court not to be changed without thirty days' notice. None of its provisions forbid, expressly or by implication, the holding of necessary special terms according to laws then or thereafter in existence. Considerations of importance to the State and to accused persons enforce the necessity for the existence of such power—as in the cases suggested of illness of the Judge at the regular term, or of overflow of the parish at the same period, or of failure of a jury at the regular term for any cause—in all which cases, the necessity of waiting till the next regular term would entail grievous injury as well to the interests of justice as to the rights of accused to a speedy trial. We should not lightly infer an intention in the Constitution to abrogate so conservative a power; and certainly no such intention is expressed in the instrument; nor in the provisions of Act No. 77 of 1880, which likewise deals exclusively with regular terms of the District Court, except in the proviso to Section 5 thereof, which declares " that the District Judges may provide for other jury terms in any parish when, in their discretion, it may be required." The objection that this proviso is not covered by the title of the Act, is evidently unfounded, and it is a legislative recognition of the power to call special jury terms.

2. It is next contended that, admitting the power to call special terms, yet this particular term was not called according to law and was, therefore, an illegal term. This objection is of the most radical character, attacking the jurisdiction and power of the Judge to perform any judicial functions at such a term and, if sustained, would strike with nullity all his proceedings.

Section 1931 of the Revised Statutes confers upon the District Judges the broad authority to hold special terms, " whenever they may find it necessary."

Section 1932 declares: " Whenever a special term of the court shall be ordered, the Judge ordering the same shall notify the clerk of the court, and he shall give notice thereof by publication in one or more newspapers published in the parish where the court is to be held, if there be one; and by notice posted on the door of the courthouse, at least thirty days before the commencement of the term."

This Section provides for two classes of duties, one to be performed by the Judge, the other by the clerk.

In this case the Judge, vested, as we have seen, with unquestioned authority to call the special term, performed every duty imposed on him. His order was made in open court, at a regular term, and in ample time and in conformity with every legal requirement, and it contained the express direction to the clerk " to enter of record this order, and to give public notice of the same in the manner required by law for the period of thirty days from this date and before the 14th day of March, 1882."

The clerk substantially complied with the requirement of notice by publication in the newspaper of the parish, but neglected to post the notice on the courthouse door.

The question is, whether the right of the Judge to hold the special term, called by him in the exercise of express statutory authority, and after compliance with every duty imposed on him, can be defeated by failure of the clerk to perform a duty in connection therewith imposed by law upon him.

If so, it would give the clerk the extraordinary power of nullifying the authority vested by the law in the Judge and of preventing the holding of any special term.

Such a doctrine cannot receive our assent.

The question is not entirely new. It arose in a case before the Supreme Court of Mississippi, from which we quote:

" By the 22d Section of the Act to establish the criminal court of this State, it is provided that, whenever it shall be deemed necessary, the Judge of said court may hold special terms upon giving twenty days' notice thereof. The question of the necessity and propriety of directing a special term is thus referred entirely to the discretion of the Judge. * * The twenty days' notice of the holding of any such special term is required for the information of those who may have causes or business in the same, but it is not necessary to confer jurisdiction. In this respect, the act is merely directory." Friar vs. The State, 3 How. (Miss.) 422.

In a case in Kentucky, the statute was the following: " When the business requires it, a Circuit Judge may hold a special term in any county in his district. If the order be made in vacation for a special term, notice thereof shall be posted up at the courthouse door, ten days before its commencement." The Court said: " The constructive object of such notice decides the question of jurisdiction. Did the legislature intend the ten days' notice should be indispensable to the jurisdiction, or, in other words, a fundamental condition of the validity of the pro-

ceedings of the called term, or intend only that the requisition of the notice should be merely directory or precautionary? It seems to us, that the latter was the sole purpose." The Court proceeds to discuss the question and maintain its conclusion at length. Blimm vs. Commonwealth, 7 Bush, 320.

It will be observed, that both the cases quoted were criminal, and that the duty neglected was one imposed on the Judge himself. Had such been the case here, we should have hesitated to adopt the conclusions of those courts, and weighty authority to the contrary exists. But considering that here the Judge did everything required of him, and that the omitted duty was one imposed on the clerk alone, we feel fully justified in holding that its omission did not invalidate the call or destroy the jurisdiction at the term, especially as the failure of notice was partial only, and as the complaint of its sufficiency is purely technical, unsupported by any suggestion of actual injury.

3. The next objection is levelled at the capacity of the jury commissioners, because their appointment had not been made by the Judge during his then current term. The Judge was originally appointed and commissioned by the Governor to fill a vacancy during a recess of the legislature. He then qualified and appointed the jury commissioners, who duly accepted. He has held the office of Judge ever since. The fact that his appointment was subsequently sent to and confirmed by the senate, did not necessitate a reappointment of commissioners, who had been appointed by himself, to hold office during his pleasure.

4. It is urged that under the present Constitution, Art. 122, and subsequent legislative acts, clerks of court have no longer power or authority to act *ex-officio* as jury commissioners. The proposition is groundless. Act 44 of 1877, conferring this duty upon clerks, is not inconsistent with any provision of the Constitution or of Acts 106 of 1880 and 43 of 1882 and, therefore, is not repealed by them. Our reasons for this conclusion are apparent from the face of the provisions of law referred to, and need no enforcement.

We have carefully examined the several bills of exceptions to the rulings of the Court in the course of the trial.

Only one is argued here, to the ruling of the court, excluding evidence of the bad and dangerous character of the deceased. If we were to accept the statement of facts proved as a foundation for the evidence made by counsel in his bill, the exception would be sound. But the Judge, in his own statement embodied in the bill, denies the correctness of that statement, and makes one radically different, which we are bound to accept and which leaves no possible foundation for the introduction of such evidence. From that statement it appears

that there had been no proof of any assault or hostile demonstration by deceased at the time of the killing, or of any circumstances establishing the *status* of accused as acting in his right or under belief that he was in danger of death or grievous bodily harm. Proof of this nature is essential to establish an exception to the general rule, that evidence of the character of deceased is inadmissible. Wharton Cr. Law, § 641.

We discover no error in any of the rulings of the Judge.

Judgment affirmed.

Rehearing refused.