## STATE v. JOSEPH C. HILL.

*Indictment—Felony and Misdemeanor—Embezzlement—Statutory Crimes.*

1. An indictment framed under section 3678 of THE CODE, charging the defendant with embezzlement in "wilfully, knowingly and corruptly" failing to pay over a fine to the school fund, is sufficient. Such offence is a misdemeanor, and therefore it was error in the court to arrest judgment upon the ground that the word "feloniously" was omitted.

2. A statutory crime is not a felony unless so declared by the legislature.

3. Nor will an offence be made a felony by the construction of any doubtful and ambiguous words in the statute creating it.

4. The doctrine that a crime is a felony where the puishment prescribed is confinement in the penitentiary, does not obtain in this state.

INDICTMENT for embezzlement tried at August Term, 1884, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendant being a justice of the peace, was indicted under THE CODE, § 3678, for embezzlement in failing to pay over a fine of five dollars, which he had, as said justice, imposed as a judgment upon and received from one Bryan, to the treasurer of the county board of education for the county of New Hanover within the time prescribed by law. The bill charged the offence as having been committed "wilfully, knowingly and corruptly," &c.

The defendant was found guilty, and then moved in arrest of judgment upon the ground that the bill of indictment failed to charge that the offence was a *felonious* embezzlement. The court sustained the motion, and the solicitor appealed to this court.

*Attorney-General,* for the State.
*Messrs. Russsll & Ricaud,* for the defendant.

ASHE, J.   Embezzlement has no legal status in the Criminal Code, either as a felony or a misdemeanor.   As a crime it had no existence at the common law.   It was then only a breach of trust, being the "fraudulent appropriation, to one's own use, of the money or goods of another entrusted to one's care or management."

As a crime, it is entirely the creation of the statute law, and is a felony or misdemeanor only as it may be declared to be by the statute creating the offence.

In this state, we have no statute defining embezzlement and fixing the grade of the offence.   In some of the statutes it is declared to be a felony ;  and in another, a misdemeanor. For instance, embezzlement by any officer, agent, clerk, employee or servant of any corporation, THE CODE, § 1014; by public officers or employees of the state, § 1015;  by public officers of trust funds, § 1016 ;  by officers of railroad companies, § 1018;  and by persons conspiring with the officers of railroad companies, § 1019;  in each of these cases the offence of embezzlement is expressly declared to be a felony. But embezzlement by the treasurer of a benevolent or religious institution is made a misdemeanor, § 1017.

But section 3705, which provides that any officer who shall appropriate certain taxes shall be guilty of embezzlement, and prescribes the punishment, is silent as to whether the offence shall be a felony or misdemeanor.

So section 3678 (act of 1883, ch. 136 §§ 48 and 49) under which the indictment in this case was preferred, which declares that the offender shall be guilty of embezzlement and may be punished not exceeding five years in the penitentiary and fined at the discretion of the court, also fails to define the grade of the offence.   The term embezzlement might have been omitted in the section and the offence intended to be created would have been as well defined.

Since the legislature has not by any general statute fixed the grade of embezzlement, and has sometimes made it a

felony and then a misdemeanor, for this court to hold that the term embezzlement as used in this section implies *ex vi termini* a felony, would be infringing upon the province of the legislature. No crime created by statute can be made a felony unless it is so expressly declared by the legislature, unless it is so defined by the terms of its creation as to constitute it a felony; as where a statute declares, that the offender shall, under the particular circumstances, be deemed to have feloniously committed the act, it makes the offence a felony and imposes all the common and ordinary consequences attending a felony. 1 Russell on Crimes, p. 78. But this author adds in the same paragraph: "An offence shall never be made a felony by the construction of any doubtful and ambiguous words in a statute."

We are aware that in some of our sister states, every crime is held to be a felony where the punishment prescribed is confinement in the penitentiary. But that doctrine does not obtain in this state, for there are many of our statutes which impose that punishment where the offence created is expressly declared to be a misdemeanor; for example, see THE CODE, § 976 and 985, sub. div. 45 and 7.

Our conclusion is that the offence created by the act under which the bill of indictment in this case was drawn is a misdemeanor, and therefore there was error in arresting the judgment.

Let this be certified to the criminal court of New Hanover county, that the case may be proceeded with according to law.

Error.                                        Reversed.