## STATE v. ARTHUR MONTAGUE.

(Filed 23 December, 1925.) .

**Courts—Jurisdiction—Constitutional Law—Special Terms—Judge Appointed—Judge of District—Criminal Law—Capital Felony.**

> Objection by the defendant charged with a capital felony to the authority of the judge assigned by the Governor of the State to hold a special term of the Superior Court, upon the ground that the judge assigned to hold the courts of the district was in good health, and holding a term of the court in another county within the district, cannot be sustained as repugnant to or unauthorized by our State Constitution, Art. IV, sec. II.

APPEAL by defendant from *Dunn, J.,* at May Special Term, 1925, of BURKE.

Criminal prosecution tried upon an indictment charging the defendant with rape, a capital felony.

From an adverse verdict and statutory judgment of death pronounced thereon, the defendant appeals.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Spainhour & Mull, S. J. Ervin and S. J. Ervin, Jr., for defendant.*

STACY, C. J., The principal exception appearing on the record is the one addressed to the ruling of the court on the defendant's plea to the jurisdiction or the legal authority of the presiding judge to hear the case.

The reasons assigned by the defendant for this position appear in his written motion, filed with the trial court, and are as follows:

"That under section 11, Article IV, of the Constitution of North Carolina, this court and the judge thereof has no right, power or jurisdiction to take cognizance of or try this cause and the grand jury empaneled had no right, power or jurisdiction to find said bill of indictment at this special term of Burke Superior Court held under commission of the Governor of this State for the reason that Honorable A. M. Stack, judge of the Thirteenth Judicial District, now holding and riding the courts of the Sixteenth Judicial District and the judge assigned to the said Sixteenth Judicial District, under said section and article, is not 'unable to preside' by reason of 'protracted illness' or by reason of 'any other unavoidable accident to him,' or by reason of 'sickness, disability, or other cause' within the meaning of said section and article, and for that, on the contrary, the said Honorable A. M. Stack is, at present and during this week and on the day this motion is made, in health and vigor, holding and presiding over the Superior Court of Catawba County, at the regular May term of said court, which said Superior Court of Catawba County is one of the courts of the Sixteenth Judicial District. Wherefore, prisoner prays that his challenge to the jurisdiction of the court be sustained and that this court proceed no further in the trial of this cause."

Upon the defendant's challenge to the jurisdiction of the court, and motion to proceed no further with the trial of the cause, the judge entered of record the following findings and judgment:

"Upon the foregoing motion and challenge, the court finds as facts that the same was made and entered by the prisoner after the return of the bill of indictment as a 'true bill' and after the prisoner, without objection or exception, had been arraigned and had entered his plea of 'not guilty,' said motion and challenge being made and entered immediately prior to the time when the petit jury, which is chosen, sworn and empaneled to try the prisoner, was chosen, sworn and empaneled. The court further finds as facts that the Honorable A. M. Stack, judge of the Thirteenth Judicial District and the judge regularly riding, holding and assigned to the courts of the Sixteenth Judicial District, is now, at the time of said motion and challenge, in possession of his health, strength and vigor and is, at present and during the present week when this cause is called and tried, engaged in presiding over and holding the regular May Term, 1925, of the Superior Court of Cawtaba County, at Newton, in said county, which forms a part of the Sixteenth Judicial District, and by reason of the fact that said term of the Superior Court

of Catawba County is in session as aforesaid is unavailable to hold and preside over this special term of the Superior Court of Burke County. The court further finds as facts that the undersigned judge, the regular judge of the Fifth Judicial District and the judge regularly assigned to hold the courts of the Eighth Judicial District, was assigned by the Governor of North Carolina to hold and preside over the May Special Term, 1925, of the Superior Court of Burke County, which was called by the Governor of North Carolina as set forth in the commission of the Governor calling the same and which is convened and held at the court-house in Burke County after the notice and advertisement required by statute, and that at said time and for said week, there was no emergency judge available to hold said court.

"Upon the foregoing motion and challenge and findings of fact, the prayer, motion and challenge of the prisoner is overruled and denied and the trial of the cause is proceeded with.

ALBION DUNN, *Judge Presiding.*"

The judge was really under no obligation to find the facts set out in this judgment. He held a valid commission from the Governor and that was quite sufficient for him. *Chemical Co. v. Turner, ante,* 471, and cases there cited.

The defendant concedes that his challenge to the jurisdiction and authority of the court to hear his case, under the circumstances disclosed by the judge's findings, cannot be sustained unless we overrule a number of decisions on the subject. *S. v. Wood,* 175 N. C., 809, and authorities there collected. As to these cases, however, the defendant respectfully says that they are in conflict with Article IV, section 11, of the Constitution. We are unable to agree with this position. The defendant's exception is not well taken. The reasons in support of the decisions heretofore rendered in similar cases, and which must be followed now, are fully set forth in *Wood's case* and we deem it unnecessary to repeat them here.

The prisoner's case is of supreme importance to him, and we have given the record a careful and searching scrutiny, but nothing has been discovered by us which apparently calls for any extended discussion. It would serve no useful purpose, so far as the law is concerned, "to thrash over old straw," even though the case be a capital one.

We have carefully examined the remaining exceptions. None of them can be sustain. The verdict and judgment will be upheld.

No error.