STATE v. ELIZABETH BALDWIN AND FLOYBELL MULL.

(Filed 20 September, 1933.)

1. Justices of the Peace E a—Appeal from conviction of simple assault must be taken to recorder's court under P. L. 1919, ch. 277 as amended.

The right of appeal to the Superior Court from conviction in a justice's court of a misdemeanor within the justice's jurisdiction, C. S., 4647, has been modified by the statutes establishing and expanding the uniform system of recorders' courts, Public Laws of 1919, chap. 277; 1923, chap.

216; 1924, chap. 85; 1931, chap. 233, and under the general provisions of Public Laws of 1919, chap. 277, sec. 54½, an appeal from a conviction of simple assault in a justice's court must first be taken to the recorder's court and not the Superior Court in the counties affected by the act.

2. **Statutes A d—**

Statutes relating to the same subject-matter should be harmonized if possible by any fair and reasonable construction, and where a general and special statute are apparently incompatible the special statute may be considered as an exception to the general statute, and sustained upon this theory.

APPEAL by defendants from *McElroy, J.,* at July Term, 1933, of BUNCOMBE. Affirmed.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*
*Don C. Young and W. W. Candler for defendants.*

ADAMS, J. The defendants were tried in Buncombe County before a justice of the peace on separate warrants charging them with a simple assault. They were adjudged to be guilty, and from the judgment pronounced they appealed to the Superior Court. By consent the cases were there heard together and in each case the appeal was dismissed. From this judgment the defendants appealed to the Supreme Court.

The asserted right of appeal is referred to C. S., 4647, which provides that the accused may appeal from the sentence of a justice of the peace to the Superior Court where the trial shall be anew and without prejudice on account of the former proceeding. This statute has been in effect since 1868. In 1919 the General Assembly authorized the establishment of a uniform system of recorders' courts for municipalities and counties, and subsequently enacted additional legislation for the purpose of expanding the system and making it more efficient. Public Laws, 1919, chap. 277; 1923, chap. 216; 1924, chap. 85; 1931, chap. 233. One of the objects was to relieve the congested dockets of the Superior Court. Accordingly, the Legislature enacted this statute: "In all cases where there is an appeal from a justice of the peace, such appeal shall be first heard in the recorder's court, in like manner provided herein for hearing causes within the jurisdiction of a justice of the peace originating in the recorder's court." Public Laws, 1919, chap. 277, sec. 54½. This section as enacted was one of many general provisions applicable to the several courts provided by the act. The last clause has reference to the jurisdiction exercised by the statutory courts in all criminal matters arising in the county which are given to justices of the peace. Public Laws, 1923, chap. 216, sec. 13, subsec. 4.

A settled rule of construction requires that all statutes relating to the same subject shall be compared and harmonized if this end can be attained by any fair and reasonable interpretation, and that if two statutes are apparently incompatible, one general in its terms and the other special and expressive of a restricted application, the latter may be considered in the nature of an exception and sustained upon this theory. *Alexander v. Lowrance,* 182 N. C., 642; *S. v. Fink,* 179 N. C., 712; *Commissioners v. Aldermen,* 158 N. C., 191.

Upon the principle stated the appeal should have been taken to the General County Court. Judgment

Affirmed.