J. H. McNEELEY, LESSEE OF RELIANCE COAL COMPANY, v.
JOHN B. ANDERSON.

(Filed 2 May, 1934.)

**1. Appeal and Error G c—**

As a rule only propositions or exceptions pointed out in the briefs are considered by the Supreme Court upon appeal.

**2. Justices of the Peace E a—**

It is not required that an appeal from a judgment of the justice of the peace be first taken to the general county court of the county, but the appeal may be taken directly to the Superior Court. Art. IV, sec. 27.

APPEAL by defendant from *McElroy, J.,* at December Term, 1933, of BUNCOMBE.

On 21 June, 1933, the plaintiff recovered judgment against the defendant for $31.00 with interest from 9 April, 1931, in the court of a justice of the peace in Buncombe County. The defendant appealed to the Superior Court, and at the December Term of 1933 the plaintiff moved the court *ore tenus* to dismiss the appeal on the ground that the appeal should have been taken to the General County Court and not directly to the Superior Court. The motion was allowed and the appeal was dismissed. The defendant excepted and appealed.

*Carter & Carter for appellant.*
*Joseph F. Ford, Vonno L. Gudger, J. G. Merrimon, A. S. Barnard and J. L. Jones for Buncombe County Bar Association.*

ADAMS, J. It is not improbable that the judgment of the trial court was influenced, if not governed, by the decision in *S. v. Baldwin,* 205 N. C., 174. The *Baldwin case* was heard and determined in the Superior Court by the learned judge from whom the appeal was taken in the case at bar. There the two defendants were tried before a justice of the peace on separate warrants charging an assault, and were convicted. They appealed to the Superior Court and at the hearing the cases were consolidated. The solicitor moved to dismiss the appeal and Judge McElroy being of opinion that the motion should be allowed adjudged that the "appeal taken from the justice of the peace by the defendants be dismissed." The defendants excepted and on appeal the judgment was affirmed.

The case was not argued in this Court but was submitted on printed briefs. The brief of the State was confined to the construction of one or two statutes involving the right of appeal from the judgment of a justice of the peace to the recorder's court. Indeed, both briefs seem to have been addressed to a question of statutory construction. No

constitutional or other fundamental questions, such, for example, as those which are raised in the case before us, were debated or referred to in the briefs, and as a rule only propositions or exceptions pointed out in the briefs are considered by the court on appeal. Whether this is the ground upon which the appellant does "not deny the possibility of differentiation" between this and the *Baldwin case,* we need not inquire. Any comparison or differentiation of the several statutes dealing with the jurisdiction of general county courts and courts over which recorders preside would unnecessarily prolong the opinion. As the recorder's court has never been operative in excepted counties, the statute referred to in *S. v. Baldwin, supra,* in no event had any application to Buncombe County.

Upon consideration of the exhaustive argument submitted on behalf of the defendant's right of appeal we are of opinion that the appeal in the present case should have been allowed directly from the justice of the peace to the Superior Court, and that the judgment in this action should be reversed. Constitution, Art. IV, sec. 27; *Rhyne v. Lipscombe,* 122 N. C., 650.

Reversed.