STATE v. CLIFTON BOYKIN.

(Filed 7 April, 1937.)

1. **Criminal Law § 29a—Testimony sought to be elicited on cross-examination of State's witness held properly excluded as irrelevant.**

   Where an officer testifies on cross-examination that he did not swear out a warrant for defendant until twelve days after the commission of the offense because he did not know defendant's name, and that a confederate of defendant suggested that defendant was the person, and that he then found defendant, identified him, and swore out the warrant, and that defendant was the offender, the exclusion of testimony as to the name and residence of the confederate is not prejudicial, the excluded testimony being irrelevant.

2. **Criminal Law § 56—Motion in arrest for want of jurisdiction for defect in organization of the court may not be made in trial court.**

   A motion in arrest of judgment on the ground that the court was without jurisdiction for defect in its organization for that due advertisement of the special term at which defendant was tried upon appeal from a recorder's court, was not had as required by N. C. Code, 1452, cannot be made in the trial court because such motion assumes that the court is validly created, nor can the question be presented by appeal from the trial court's denial of the motion, the defect complained of going to the organization of the court and not to the capacity of the jury, and the provisions of the statute being directory and not mandatory.

3. **Constitutional Law § 26—Indictment in Superior Court is not necessary upon appeal from conviction in recorder's court.**

   The necessity of an indictment, N. C. Constitution, Art. I, sec. 12, does not apply to "petty misdemeanors," Art. I, sec. 13, and all crimes below the degree of felonies are "petty misdemeanors" within the meaning of the exception provided in the Constitution, C. S., 1541 (3), and upon appeal from a conviction in a recorder's court upon a warrant fully charging the offense, an indictment in the Superior Court is not necessary, the jurisdiction of the Superior Court being derivative.

4. **Courts § 4—Proper authorities should make due advertisement of special term of court in compliance with N. C. Code, 1452.**

   It is required by N. C. Code, 1452, that a special term of court, duly called, shall be advertised in some newspaper published in the county, and news items regarding the court are not sufficient to comply with the terms of the statute, but the provision for advertisement is for the benefit of the public and not the jurors, and failure of due advertisement does not affect the jury, but goes only to the organization of the court and is merely an irregularity, the provision of the statute in regard to advertisement being directory and not mandatory.

APPEAL by defendant from *Williams, J.,* and a jury, at Special January Term, 1937, of PITT. No error.

The following warrant, duly sworn to, was issued by the recorder's court of Pitt County: "That at and in said county, on or about the

STATE *v.* BOYKIN.

11th day of June, 1936, Clifton Boykin did unlawfully and willfully operate a motor vehicle on the public highway of this State in a careless and reckless manner against the form of the statute in such case made and provided, and contrary to the law and against the peace and dignity of the State."

On the trial in the recorder's court the defendant was found guilty and judgment pronounced. The defendant appealed to the Superior Court. The defendant again pleaded not guilty and was tried before a jury. The jury returned a verdict of guilty. Defendant made a motion for a new trial on newly discovered evidence and filed affidavits in support of same. The court denied the motion.

In the record is the following: "Thereupon, defendant moved for a new trial and for arrest of judgment as a matter of law, for that this special term of court was not authorized or created as provided by statute, and is without jurisdiction to function, and therefore all of its acts are void, for that the requisites of the statute with respect to special terms have not been complied with in that the provisions of C. S., 1452, have not been complied with, for that this term of court was not advertised at the courthouse door and one public place in each township in Pitt County, or, in lieu thereof, in any newspaper published in Pitt County once a week for two weeks; and requested the court to find the facts with respect to the advertisement for said court; and thereupon the court found the facts as follows:

"1. That the board of county commissioners of the county of Pitt, State of North Carolina, at its regular session duly called and held on 5 November, 1936, duly adopted and passed a resolution requesting the Governor to call a special term of Superior Court for Pitt County, North Carolina, for the trial of criminal cases, beginning Monday, 25 January, 1937, as it appears from the resolution offered in evidence and from the minutes of said board.

"2. That his Excellency, Honorable J. C. B. Ehringhaus, Governor of North Carolina, duly called and issued a commission for said court, as appears from the letter and commission to the undersigned judge holding the same, bearing date of 10 November, 1936, which is recorded in the minutes of the proceedings of this court.

"3. That at the meeting of the board of county commissioners held on 5 November, 1936, said board ordered that a jury be drawn for said special term of court for the trial of criminal cases, and thereafter, at the regular meeting of said board, duly organized and held on 7 December, 1936, the jury was duly drawn and summoned and appeared for service at said special term on Monday, 25 January, 1937.

"4. That a reference to the *Daily Reflector* shows that it contained in its news items, said *Reflector* being a newspaper published and having

general circulation throughout Pitt County, North Carolina, under date of 5 and 11 January, 1937, reference to the term of court beginning 25 January, 1937; likewise, in its editions of 15 and 18 January, and that in the issue appearing under date of 15 January, a calendar of the cases set for trial at said term was published; that, subsequently, the same notice appeared in the *Daily News Letter,* said reference being news items.

"5. That the county attorney, clerk of the Superior Court, and clerk of the board of county commissioners of Pitt County did not publish any special notice of the convening of said special term of court in any newspaper published in the county for two weeks, nor at the courthouse door and one other public place in each township in the county, and knew of no such notice having been published; that in the issue of 11 November, 1936, of the *Daily Reflector,* a newspaper hereinbefore referred to, appears a notice of a special term for the trial of criminal cases, beginning 25 January, as a news item.

"6. That said court was convened and organized on Monday, 25 January, for the transaction of business, and on Monday, 25 January, this case was duly reached in regular order and called for trial; counsel for defendant pleaded not guilty; a jury was duly sworn and impaneled, evidence heard, and a verdict duly returned finding the defendant guilty, as appears in the record; that thereupon motion for judgment upon the verdict was continued to be heard at the convenience of the court later in the term and came on for hearing Saturday at noon, whereupon the above motions were made.

"The court being of the opinion that the records show that the term was duly called and held, as provided by the statute, sections 1450-52-56, regulating the holding of a special term of court, and that the provisions as set out in section 1452 are not mandatory, and that the failure to make such advertisement as set out in Finding No. 5 above does not invalidate the authority of the court, and it is considered, ordered, and adjudged that said motions be denied and dismissed."

To the refusal and denial of said motion in arrest of judgment for the causes assigned, the defendant in apt time excepted and assigned error. The court pronounced judgment on the verdict: "That defendant be confined in the common jail of Pitt County for ninety days and assigned to work the public roads under the supervision of the State Highway and Public Works Commission, and that he pay a fine of two hundred and fifty dollars. And further ordered that defendant's license to operate a motor car be revoked for one year, to run from the trial had in the county court."

To the foregoing judgment the defendant excepted and assigned error, and appealed to the Supreme Court.

The evidence on the part of the State, in part: H. B. Smith testified as follows: "I am a patrolman. I saw the defendant on 11 June, 1936, on the date of that warrant, out here in front of the college. I had just started out on the Washington highway, and at that time they were working on the streets and right along there there was a one-way drive. I saw this car cut through there in a careless manner. He overtook two cars and went right on through, and there were several men working there on the side of the street and the street was blocked. I turned around to overtake him and he cut across to Fourth from Fifth and I pulled up by him at Flannigan's corner. I pulled up beside him and asked him for his operator's license and warned him about his driving. At that moment I saw sacks spread over something. He threw his car in second·gear and I followed him and motioned him to pull over, but he went down through several red lights across Evans Street on out to Fourth, and cut back to the highway. I was following him. At the end of Fourth Street—they had just finished paving that street—and I could smell whiskey. I chased him to the Pinetops crossroads and there he hit a dirt road. I called Wilson and told him it was a dark Oldsmobile, one man driving. I came back to Greenville. I later swore out a warrant and went over to identify him, and I saw Robert Boykin. The second time I went I saw another Boykin. A *capias* was sent over there and he came over here to the patrol office and I told him what he was wanted for. I identified the man. The defendant is the man. As to his speed, witness replied, 'He left me and I was making between 80 and 85 miles an hour, he outran me.' That was on Fourth Street; his speed was in excess of 30 miles an hour, I would say between 50 and 55 miles an hour. I drove up by him at Cotanch and Fourth streets in Greenville. I had an opportunity to observe him. I don't remember whether I asked anything or not before he drove off. But after he stepped on the gas I pulled up beside him. He looked me in the face and seemed not to understand me. I could not say how fast he came over to the road under construction. That is what attracted my attention to him. I reported to the officers that he was driving an Oldsmobile—the same class as an Oldsmobile. Those cars—a new Buick and new Oldsmobile—are very similar."

There was evidence corroborating the above witness. The defendant denied his guilt and set up an alibi.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*A. O. Dickens and Albion Dunn for defendant.*

CLARKSON, J. H. B. Smith, on cross-examination by defendant, was asked: "Why did you not swear out that warrant until the 23d, if it

happened on the 11th?"   He replied: "I did not know the man's name.
I did not know he lived in Wilson until I went to Wilson."   Question:
"Who suggested Clifton Boykin was the man?"   Answer: "One of his
confederates."   Question: "What was his name?   Where did the man
live that told you that?"

To the above questions the State objected.   The objection was sus-
tained and defendant excepted and assigned error.   The exception and
assignment of error cannot be sustained.   The witness had theretofore
testified: "I identified the man.   The defendant is the man."   The
witness did not know his name, one of defendant's confederates told him.
This the defendant elicited on cross-examination.   The evidence was
irrelevant and its exclusion not prejudicial.

The next question set forth by defendant: "Did the court commit
error in refusing to set aside the verdict and to arrest judgment as a
matter of law for defects appearing in the record?"   We think not.
It nowhere appears in the record that the defendant raised any objection
to the organization of the court until judgment had been rendered.   It
has long been held in this State that the organization of the court may
not be attacked by a plea to the jurisdiction of the court for the reason
that such a plea assumes that the court is validly created.   *Beard v.
Cameron,* 7 N. C., 181; *S. v. Hall,* 142 N. C., 710; *S. v. Wood,* 175
N. C., 809; *S. v. Montague,* 190 N. C., 841; *S. v. Lea,* 203 N. C., 13
(26).

*S. v. Baxter,* 208 N. C., 90, is not applicable to the facts in this case.
In that case it was held, at p. 94: "We must hold that in the absence of
any order of the Governor that a grand jury be drawn at said term, the
indictment returned at said time is void, and for that reason the motion
of the defendant, first made in this Court, that the judgment in this
action be arrested, must be allowed.   If we should hold otherwise, the
defendant would be deprived of a right guaranteed by the Constitution
of this State.   Const. of N. C., Art. I, sec. 12."

In the present cause the facts are different from the *Baxter case,
supra.*   The defendant was tried on appeal from the recorder's court
on a warrant.   There was no objection by defendant to this procedure.
The warrant set forth the charge in clear language.

Article I, sec. 12, of the Constitution provides: "No person shall be
put to answer any criminal charge *except as hereinafter allowed* but by
indictment, presentment, or impeachment."

It has been held in *S. v. Crook,* 91 N. C., 536 (540), that the words
"except as hereinafter allowed" have reference to the succeeding section
13 of the Constitution, and particularly the last sentence therein: "The
Legislature may, however, provide other means of trial for *petty misde-
meanors* with the right of appeal."

In *S. v. Lytle,* 138 N. C., 738, it is said that under this section indictment by grand jury is dispensed with. In the trial of petty misdemeanors, a large class of inferior courts known commonly as "recorder's courts" has been established between the court of the justice of the peace and the Superior Court. The general laws for the establishment of such courts may be found in Consolidated Statutes, sections 1536-1608.

In order that these courts might be permitted to take cognizance of crime and try criminals without indictment, all crimes below the degree of felony have been declared to be "petty misdemeanors." C. S., 1541, subsection 3.

Under the proceedings established in such courts, the complaint and warrant—which, if necessary, must be construed together (*S. v. Gupton,* 166 N. C., 257)—have been established as the proper proceeding, just as has come down to us from the common law as to crimes the punishment of which is within the jurisdiction of a justice of the peace. C. S., 1549, 1575, 4647, 4648.

Under C. S., 1574, appeals are made from the recorder's court to the Superior Court in the same manner as always made from the court of a justice of the peace to the Superior Court. *McNeeley v. Anderson,* 206 N. C., 481. When the Superior Court sits upon an appeal from a judgment of a justice of the peace in a criminal action, or a judgment of a recorder's court, it is sometimes said to be acting under the derivative jurisdiction of the court from which appeal is taken; the trial is had upon the warrant issued by the court which had jurisdiction and which is required to be transmitted to the court with the return to the appeal. Upon such an appeal from an inferior court for a conviction of a petty misdemeanor—and, as will be seen under the section above referred to, all offenses below felonies are petty misdemeanors—the necessity of a bill of indictment in the latter court, that is, the Superior Court, is dispensed with. *S. v. Jones,* 181 N. C., 543; *S. v. Quick,* 72 N. C., 241 (242). Of course, where the case is beyond the jurisdiction of the inferior court, it does not reach the Superior Court by appeal, but only by the process of "binding over," and in such case only is an indictment necessary. *S. v. McAden,* 162 N. C., 575.

In cases determinable before a justice of the peace, and so by reference in a recorder's court, the action is tried on the warrant and must set out sufficiently the offense charged. *S. v. Jones,* 88 N. C., 671. It may be amended in Superior Court. *S. v. Cauble,* 70 N. C., 62; *S. v. Koonce,* 108 N. C., 752; *S. v. Norman,* 110 N. C., 484.

N. C. Code, 1935 (Michie), sec. 1452, is as follows: "Whenever the Governor shall call a special term of the Superior Court for any county, he shall notify the chairman of the board of commissioners of the county of such call, and such chairman shall take immediate steps to cause com-

petent persons to be drawn and summoned as jurors for said term; and also to advertise the term at the courthouse and at one public place in every township of his county, or by publication of at least two weeks in some newspaper published in his county in lieu of such township advertisement."

The notice which is required to be published is designed not for the purpose of warning the jury of the coming term. These persons receive separate notices or summons. Rather, it serves the purpose of notifying the public. Since the origin of our court system, it has been the uniform custom to publish our court proceedings. Except in special instances, the doors are always open for public hearings. C. S., 1452, requiring that notice be given, is designed for the purpose of insuring the continuance of this long established policy. It follows, then, that the failure to comply with the statute goes to the set-up or organization of the court itself rather than of the jury. Under the doctrine of the *Hall case, supra,* an objection to the organization of the court may not be raised by appeal. We think the notice is directory and not mandatory.

The point in question seems not to have been specifically ruled upon by our Court; however, it has been the subject of consideration elsewhere. While there is some conflict in the decisions, we think the better rule is that statutes requiring notice of special terms are merely directory. *S. v. Shanley,* 38 W. Va., 516; *Northwestern Fuel Co. v. Kofod,* 74 Minn., 448; *S. v. Claude,* 35 La. Ann., 71; *Blimm v. Com.,* 7 Bush (Ky.), 320.

We do not think that defendant was prejudiced by the irregularity. We think, although no notice was given in accordance with the statute, that these directory matters ordinarily should be complied with by the proper authorities.

For the reasons given, we find

No error.