STATE OF NORTH CAROLINA v. WILLIAM T. HUTSON

No. 719SC202

(Filed 31 March 1971)

1. Criminal Law § 169— exclusion of testimony — failure of record to show witness' answer

The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had he been permitted to testify.

2. Criminal Law §§ 87, 88— defense witness — restrictions on direct examination — latitude on cross-examination

Defendant's contention that the court erred in unduly restricting defendant's direct examination of a defense witness and in allowing the State too much latitude in cross-examination of the witness, *held* without merit.

3. Criminal Law §§ 73, 169; Embezzlement § 5— exclusion of testimony as hearsay — harmless error

In this prosecution for embezzlement of a hydraulic jack, the record justified the trial court's action in striking as hearsay testimony by defendant's wife that the jack had been held by defendant as security for a loan to the prosecuting witness, and the exclusion of such testimony was not prejudicial to defendant where defendant's wife was thereafter permitted to give similar testimony after she stated that she had heard the transaction over a telephone extension.

4. Criminal Law § 102— exclusion of testimony — argument by defense counsel — failure to require retirement of jury

The trial court did not err in failing to require the jury, at defense counsel's request, to retire while counsel addressed the court with reference to the court's action in striking as hearsay testimony by a defense witness.

5. **Embezzlement § 1; Bailment § 3— embezzlement by bailee — enactment of G.S. 14-168.1**

Enactment of G.S. 14-168.1, which makes fraudulent conversion or concealment by a bailee a misdemeanor, did not remove bailees from the provisions of the felonious embezzlement statute. G.S. 14-90.

6. **Statutes § 5— statutes in pari materia — construction**

Statutes in *pari materia* should, as far as reasonably possible, be construed in harmony with each other so as to give force and effect to each, but if there is an irreconcilable conflict, the latest enactment will control or will be regarded as an exception to or qualification of the prior statute.

7. **Criminal Law § 114; Embezzlement § 6— instructions — expression of opinion**

The trial court did not express an opinion on the evidence when it instructed the jury that defendant was accused of embezzlement, which occurs when a bailee, "as in this case," rightfully receives property as bailee and fraudulently uses it for some purpose other than that for which he received it.

APPEAL by defendant from *Brewer, J.,* 2 October 1970 Session, VANCE Superior Court.

Defendant was charged with felonious embezzlement of a Heines & Warner hydraulic transmission jack valued at $180, the property of one Joseph K. Bowen. The offense was alleged to have occurred on 1 June 1970 and the indictment was pursuant to G.S. 14-90. Defendant pleaded not guilty and was represented at his trial by court appointed counsel.

Pertinent evidence for the State is summarized as follows: Bowen and defendant were auto mechanics in Henderson, N. C., and Bowen loaned the jack in question to defendant pursuant to a telephone call from defendant. Defendant's wife picked up the jack around 1 June 1970. Thereafter Bowen asked defendant to return the jack but defendant gave various excuses for not doing so. His last excuse was that the jack had been stolen. Bowen later found the jack at an auto parts place of business in another town and the owner of the business told Bowen that he bought the jack and a used air compressor from defendant for $115. Bowen had loaned the jack to defendant once before and denied borrowing money from defendant or that he owed defendant anything. The owner of the auto parts business testified that he knew the defendant and bought the jack in question from him on 25 May 1970 for $65 and also bought a used air compressor for $50.

Defendant's principal evidence was the testimony of his wife which is referred to in the opinion.

The jury returned a verdict of guilty and from an active prison sentence of not less than 12 nor more than 24 months, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*James C. Cooper, Jr. for defendant appellant.*

BRITT, Judge.

[1]   By his first assignment of error defendant contends that the court erred in excluding testimony offered by him to show the prior course of dealings between Bowen and defendant together with the debtor-creditor relationship between them. A review of the record discloses that the defendant's counsel asked his witness several questions, that the solicitor objected and the court sustained the objections, but the record failed to disclose what the answers would have been had the witness been allowed to answer. It is well settled in this jurisdiction that the exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had he been permitted to testify. 1 Strong, N.C. Index 2d, Assignment and Error, Sec. 49, p. 200, and cases therein cited. The assignment of error is overruled.

[2]   By his second assignment of error defendant contends that the court erred in unduly restricting defendant's attorney in his direct examination, and allowing the State too much latitude in its cross-examination, of defendant's witness Faye Hutson. We find no merit in this contention. It is the duty of the court to supervise and control the trial to prevent injustice to either party, and in discharging that duty the court has large discretionary powers. 7 Strong, N.C. Index 2d, Trial, Sec. 9, pp. 266-267. A review of the record pertinent to this assignment fails to disclose an abuse of discretion on the part of the trial judge, therefore, the assignment of error is overruled.

[3]   Defendant assigns as error the striking by the court of certain testimony given by defendant's wife. The record reveals that Mrs. Hutson on direct examination testified that she heard defendant and Bowen make an agreement regarding the jack;

that Bowen wanted to borrow $90 from defendant and agreed for defendant to hold the jack until the money was repaid; that she knew that defendant loaned the $90 to Bowen and he had never been repaid; that defendant made several requests of Bowen to repay the money and finally sold the jack after Bowen failed to repay. Following this testimony the record discloses:

COURT: Now, the question he asked you was how you came about this knowledge relating to the agreement pertaining to the ninety dollars and the pawning of the jack.

A. Well, William told me—

EXCEPTION NO. 37

STATE OBJECTS, MOVES TO STRIKE IT ALL.

COURT: The objection is sustained, the motion to strike is allowed. Members of the jury, you will disregard the statements made by this witness as relates to the testimony pertaining to any agreement or any knowledge relating to the ninety dollars or the purpose of the ninety dollars. It is hearsay and therefore, incompetent.

EXCEPTION NO. 38

The assignment of error is without merit. A review of Mrs. Hutson's testimony on direct examination and on cross-examination reveals many contradictions and we think the record justifies the trial judge's conclusion that her testimony above summarized was hearsay. Furthermore, immediately thereafter Mrs. Hutson testified that she overheard, by way of an extension, a telephone conversation between defendant and Bowen in which Bowen said he wanted to borrow $90 from defendant and agreed that defendant would hold the jack until the money was repaid. In reviewing the testimony in his charge to the jury, the trial judge fully summarized Mrs. Hutson's testimony relative to the telephone conversation. Even if the court improperly struck the initial testimony, we hold that the defendant was not prejudiced thereby.

[4] In connection with this assignment of error, defendant contends the trial judge erred in not requiring the jury, at defense counsel's request, to retire while counsel addressed the court with reference to striking the testimony aforementioned. As stated above, the court has wide discretion in the supervision

and control of the trial and defendant has shown no abuse of discretion in this instance. The assignment of error is overruled.

[5] Defendant assigns as error the failure of the court to allow his timely made motions for nonsuit, contending that he was charged with and tried for felonious embezzlement under G.S. 14-90 when at most he should have been charged with and tried for the offense created by G.S. 14-168.1. He contends that the effect of G.S. 14-168.1 is to remove bailee from G.S. 14-90 and make embezzlement or fraudulent conversion by a bailee a misdemeanor. We do not agree with this contention.

[6] The crime of embezzlement, unknown to the common law, was created and is defined by statute. *State v. Hill,* 91 N.C. 561 (1884); *State v. Ross,* 272 N.C. 67, 157 S.E. 2d 712 (1967). Our embezzlement statute, G.S. 14-90, has been amended many times and was amended by Chapter 31 of the 1941 Session Laws to include a bailee. G.S. 14-168.1 was enacted in 1965 and relates to fraudulent conversion or concealment by a bailee, lessee, tenant, lodger, or attorney in fact. Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are *in pari materia.* 82 C.J.S., Statutes, Sec. 366. Statutes *in pari materia,* although in apparent conflict or containing apparent inconsistencies, should, as far as reasonably possible, be construed in harmony with each other so as to give force and effect to each; but if there is an irreconcilable conflict, the latest enactment will control, or will be regarded as an exception to, or qualification of, the prior statute. 82 C.J.S., Statutes, Sec. 368; *Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967); *State v. Baldwin,* 205 N.C. 174, 170 S.E. 645 (1933); *Utilities Commission v. Electric Membership Corp.,* 3 N.C. App. 309, 164 S.E. 2d 889 (1968). We do not think there is irreconcilable conflict between G.S. 14-90 and G.S. 14-168.1 as they relate to bailees. Among other things the later statute is more limited in its scope than the former statute; it appears to embrace a bailee "who fraudulently converts the same" to his own use, etc., while G.S. 14-90 covers the bailee who "shall embezzle or fraudulently, or knowlingly, and willfully misapply or convert to his own use," etc. In *State v. Foust,* 114 N.C. 842, 19 S.E. 275 (1894), it was held that the statute which is now G.S. 14-90 "renders it indictable to embezzle or fraudulently convert to one's own use; * * * that these acts are not necessarily and strictly synonymous * * * . [E]mbezzlement * * * is simply a

fraudulent breach of trust by misapplying the property entrusted to him to the use either of himself *or another,* when done with a fraudulent intent." (Emphasis added.) The State elected to indict the defendant in this case under G.S. 14-90, the broader statute, and in this we perceive no error. The assignment of error is overruled.

[7] Finally, the defendant assigns as error the following excerpt from the court's instructions to the jury:

> "So, I say to you, members of the jury, that the defendant has been accused of embezzlement, which occurs when a bailee, as in this case, rightfully receives property in his role as bailee, and then fraudulently and dishonestly uses it for some purpose other than that for which he received it.
>
> EXCEPTION NO. 70"

Defendant argues that the court expressed an opinion on the evidence thereby violating G.S. 1-180. We disagree. While the phrase "as in this case" might have been given an interpretation by the jury different from that intended by the court, we think this would be a strained interpretation. Furthermore, any tendency of the jury to have taken this as an expression of opinion should have been dispelled completely by an instruction of the court a few seconds later as follows:

> "Now, members of the jury, this court does not have an opinion as to what your verdict should or should not be, and any ruling that the court has made, or anything that the court has said in its charge, or any other phase of the duty of the presiding judge should not be considered by you as an expression of opinion as to what your verdict should or should not be, because the court has no opinion; and if it did, it would be improper for the court to express it."

We hold that any error in the instruction excepted to was completely cured by the quoted instruction which followed.

We have carefully considered all questions raised by defendant in his brief, but conclude that he received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and HEDRICK concur.