STATE v. GREENVILLE PUBLISHING COMPANY AND JAMES H. MAYO, EDITOR.

(Filed 10 March, 1920.)

1. Libel and Slander—Public Officers—Publication—Qualified Privilege —Falsity—Implied Malice.

It is to the public interest that the conduct and qualifications of officials and candidates for public office be subjected to free and fair criticism and discussion by their constituents, and such presents a case of qualified privilege, and to convict of libel for defamatory publication of this character, by a newspaper and its editor, it must be shown that it is both false and malicious, its falsity not of itself sufficient to establish malice, there being a presumption that the publication was made in good faith.

2. Same—Criminal Actions—Burden of Proof—Quantum of Proof.

The malice to sustain a criminal prosecution for libel of public officials is not necessarily that of personal ill will or malevolence, and it may exist, in such cases, from some ulterior motive and inferred when the defamatory statement is knowingly false or without any reasonable grounds to believe in its truth, or, at times, from the character and cir-

cumstances of the publication itself, and the statements, as in actions of this character being qualified privilege, the burden is on the State to show throughout the trial, beyond a reasonable doubt, that the defamatory charge is both false and malicious.

**3. Same—Instructions—Appeal and Error.**

In a criminal prosecution against a newspaper and its editor, for publishing a libel against a sheriff standing for re-election, charging in effect that the prosecutor had been unlawful and criminally negligent in the performance of his official duties in reference to enforcing the statutory provisions applicable to deserters and slackers, under the Federal Draft Act, though the publication contained a charge of a crime, yet being a case of qualified privilege, it was reversible error for the judge to charge the jury that the law would imply malice and place on defendant the burden of repelling the imputation.

**4. Same—Newspapers—Editors—Evidence—General Complaint.**

In a criminal action for libel against a newspaper and its editor for publishing a statement that the sheriff of the county, standing for re-election, was unfaithful and criminally negligent in the performance of his official duties under the Federal Drafts Act as to deserters and slackers, etc., evidence is competent that there was a general complaint to that effect, in the county, as tending to show good faith on the part of the defendant in making the publication, though ordinarily not competent to show the truth of the defamatory charge, and its exclusion by the court is erroneous.

**5. Slander—Inferior Courts—Justices of the Peace—Committing Magistrates—Indictment—Statutes.**

Where a local statute has established an inferior county court, declaring slander and certain other offenses committed to its jurisdiction petty misdemeanors, and provides that the same may be tried by the warrant of a justice of the peace acting as a committing magistrate, and also conferring authority on the judge of the inferior court to transfer any and all causes to the Superior Court of that county for trial, and the judge of the county court, being interested in the newspaper publishing the libel, has without objection referred the action, brought in the justice's court, to the Superior Court for trial, without himself trying the matter; *Held*, no bill of indictment is required, and objection to the jurisdiction of the Superior Court will not be sustained.

CRIMINAL ACTION, tried at the November Term, 1919, of PITT, before *Kerr, J.,* and a jury.

The action was commenced before C. D. Rountree, a justice of the peace, with the issuance of a warrant against the defendants, charging them with libelling Joseph McLawhorn, sheriff of Pitt County. Upon the preliminary hearing the magistrate found a case of probable cause against the defendants and they were bound over by him to the County Court of Pitt County. When the case was called for trial in the County Court, Hon. F. M. Wooten, the county judge, announced from the bench that he would not try the case for the reason that he was a stockholder in

46—179

defendant company, and thereupon, of his own motion, transferred the
cause to the Superior Court of Pitt County for trial, where it was duly
docketed, and for three regular terms of said court was continued by the
presiding judge upon motion of defendants. The case came on for trial
at the November Term, 1919, and without objections from defendants
the trial proceeded upon the original warrant. Upon the evidence the
defendants were found guilty by the jury, and adjudged by the court to
pay a fine of $100 each, and the cost, from which judgment defendants
appealed.

*Attorney-General Manning* and *Assistant Attorney-General Nash* for
the State.
*Ward & Grimes, Small, MacLean, Bragaw & Rodman, S. J. Everett,*
and *Julius Brown* for defendants.

HOKE, J. On the hearing it was made to appear that in June, 1918,
defendants had published an editorial comment as to the conduct of the
prosecutor, Joseph McLawhorn, then sheriff of Pitt County, and a candi-
date for renomination at the approaching primaries, charging, in effect,
that the prosecutor had been unfaithful and criminally negligent in the
performance of his official duties in reference to enforcing the statutory
provision applicable to deserters and slackers, under the Federal draft
acts, and containing allegations that the recent killing of one of these
deserters in the effort to arrest him was indirectly due to this misconduct
on the part of the sheriff and the demoralized condition thereby created.
There were also facts in evidence on the part of the State tending to show
that these charges were false and permitting the inference that the publi-
cation was malicious. For the defendant there was evidence tending to
show that the allegations were true, or that the publication was made
under the fair and reasonable belief that they were true and so not
malicious.

With this opposing testimony the court instructed the jury on the issue
as follows: "If you find from the evidence in this case, beyond a reason-
able doubt, that the defendant, the Greenville Publishing Company, pub-
lished the alleged article by and with the procurement or consent of its
managing editor, James L. Mayo, of and concerning the prosecuting wit-
ness, in which it stated words to the effect that he procured and counseled
his son to remain out of service of the United States army after his
desertion therefrom, or by advice aided and abetted him in doing the
same, then this accusation charges him with a crime punishable by indict-
ment, and is libelous *per se;* and the law presumes malice, and the defend-
ants, both of them, nothing else appearing, would be guilty as charged in
the warrant, and you should so find." And further: "When malice is

shown, or presumed by law, the burden then shifts to the defendant to show to the jury, not beyond a reasonable doubt, but to your satisfaction, if they can, that the publication was not a malicious publication, but that it was founded upon information which they reasonably believed to be true, amounting to probable cause for comment, and you are the judges of the reasonableness of the belief of the truth of the information. Mere color of lawful occasion and pretense of justification is not sufficient, but this belief must be founded upon reason, and you are the judges of the reasonableness of the same, or that the said statement of and concerning the prosecuting witness, was in fact not false but true, and if the defendants or either of them, have so satisfied you of both or either of these facts, then they would not be guilty and your verdict should be not guilty."

To these instructions defendants have duly excepted and assigned the same for error.

Recognizing that it is the public interest that the conduct and qualifications of officials and candidates for public office should be subjected to free and fair criticism, and discussion on the part of their constituents, it is held for law in this jurisdiction that such criticism presents a case of qualified privilege and in order to a conviction of libel by reason of a defamatory publication of this character it must be shown that it is both false and malicious and our decisions on the subject are to the effect further that the "falsity of the charge is not of itself sufficient to establish malice, there being a presumption that such a publication is made in good faith." True, the malice referred to is not necessarily that of personal ill will or malevolence; it may be said to exist when it is shown that the publication is made from some ulterior motive and it may be inferred where a defamatory statement is knowingly false or made without any fair or reasonable grounds to believe in its truth, or, at times, from the character and circumstances of the publication itself, but with the exception, probably, that a man's general moral character is presumed to be good until the contrary is shown, this being, as stated, a case of qualified privilege, the burden is on the State to show and, in a criminal prosecution, to show beyond a reasonable doubt, that the defamatory charge is both false and malicious. *Lewis v. Carr,* 178 N. C., 578; 101 S. E., 97; *Riley v. Stone,* 174 N. C., 588; *Osborn v. Leach,* 135 N. C., 628; *Ramsay v. Cheek,* 109 N. C., 270; 17 R. C. L., 417-418; title Libel and Slander, secs. 177-178.

Recurring to the portions of the charge objected to, we do not think the defendants have been given the benefit of the principle to which we have adverted. For, being of opinion that the defamatory article amounted to the accusation of a serious criminal offense, his Honor held, in effect, that the law would imply malice and placed on the defendants the burden

of repelling the imputation. In the case of *Lewis v. Carr, supra,* the article undoubtedly contained a charge of crime and yet, being a case of qualified privilege, the court ruled that the burden of showing malice remained upon the State. Again, we are of opinion that the evidence offered by defendants to the effect that "there was general complaint in the county at the time, of the negligence of the sheriff in the enforcement of the law as to deserters and slackers" should have been received. True, evidence of this kind is not ordinarily competent to show the truth of a defamatory charge, but it is relevant as tending to show good faith on the part of defendants, a county newspaper and its editor, in making the publication.

There is no merit in the objection made by defendants to the jurisdiction of the court. The statute establishing the Inferior Court of Pitt County, after declaring this and various other offenses, committed to its jurisdiction petty misdemeanors, provides that the same may be tried on the warrant of justices of the peace, acting as committing magistrates. In sec. 3 of the statute authority is conferred on the judge of said Inferior Court to transfer any and all causes to the Superior Court of Pitt County for trial. The procedure thus provided has been pursued in the present instance and in such case it is held that no bill of indictment is required. *State v. Hyman,* 164 N. C., 411; *State v. Lytle,* 138 N. C., 738.

For the errors indicated, however, the defendants are entitled to a new trial of the issue, and it is so ordered.