STATE v. CHARLIE JONES.

(Filed 20 April, 1921.)

1. **Appeal and Error— Criminal Law— Judgments— Sentence— Court's Discretion.**

Where a statute leaves a punishment for its violation within the sound discretion of the trial court, the sentence imposed therein will not be reviewed by the Supreme Court on appeal where its exercise has not been grossly and palpably abused.

2. **Criminal Law—Statutes—Automobiles—Highways—Intoxicants—Sentence—Court's Discretion.**

The intent of C. S., 4506, is to protect the public from the danger of intoxicated persons, etc., driving automobiles on public highways and streets, and the punishment imposed, being restricted by the statute to a minimum as to fine or imprisonment, is left to the sound discretion of the trial judge.

3. **Courts—Statutes—Jurisdiction—Inferior Courts.**

Where a statute creating a municipal court does not give it criminal jurisdiction over the offense of driving automobiles upon a public highway or street, while intoxicated, etc., this jurisdiction is acquired by Laws 1919, now C. S., 4506, to the extent only of binding the defendant over to the Superior Court upon conviction.

4. **Same—Appearance—Appeal Bond—Presumptions.**

The bond of the defendant given upon being bound over from an inferior to the Superior Court is for his appearance and answering in the Superior Court, and the recital in the bond that it is an appeal is immaterial when the upper court in fact had original jurisdiction of the offense.

5. **Criminal Law—Indictment—Waiver—Statutes—Pleas.**

The defendant, charged with a misdemeanor not containing the element of fraud, deceit, or malice, may, on his appeal to the Superior Court, waive the bill of indictment and the grand jury's action thereon, by appearing and entering a plea of guilty, under C. S., 4610.

6. **Constitutional Law—Statutes—Criminal Law—Indictment—Waiver.**

C. S., 4610, authorizing the waiver of an indictment in the Superior Court by the defendant bound over from an inferior court, is constitutional and valid. Constitution, Art. IV, sec. 13.

7. **Courts—Inferior Courts—Appeal—Superior Courts—Criminal Law— Misdemeanor—Indictment.**

Upon an appeal from an inferior court to the Superior Court from a conviction of a petty misdemeanor, the necessity of a bill of indictment in the latter court is dispensed with.

8. **Appeal and Error—Criminal Law—Pleas—Judgment—Facts Admitted.**

Where a defendant in a criminal action pleads guilty in the Superior Court, on his appeal from the judgment he cannot question the facts charged or the regularity or correctness of the proceedings, and there is nothing for review except whether the judgment is legal upon the facts admitted.

**9. Criminal Law—Statutes—Sentence—Cruel and Unusual Punishments.**

A sentence of the Superior Court for two years on the public roads for violating C. S., 4506, in running an automobile upon the public highways or streets by one intoxicated, etc., cannot be held as a matter of law on appeal as the unconstitutional imposition of a cruel or unusual punishment.

APPEAL by defendant from *Ray, J.,* at December Term, 1920, of GUILFORD.

The defendant was arrested upon a warrant issued from the municipal court of Greensboro to answer the charge of operating an automobile while intoxicated. He was found guilty and appealed, and was bound over to the Superior Court to answer the charge. At the December Term of the Superior Court of Guilford the defendant in open court, through his counsel, entered a plea of guilty, and the judgment was pronounced. The defendant appealed, assigning as error that the sentence of two years on the public roads was cruel and excessive punishment.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*S. B. Adams, R. C. Strudwick, C. C. Frazier for defendant.*

CLARK, C. J. The only assignment of error is that the punishment was cruel and unusual; and this is the only proposition set out in the brief for the State and in the brief for the defendant. That point has been recently reviewed and held adversely to the contention of the defendant in *S. v. Woodlief,* 172 N. C., 885, where it was held, "Where a statute leaves a punishment for its violation within the sound discretion of the trial court, the sentence imposed will not be reviewed by this Court on appeal where its exercise has not been grossly and palpably abused," and there is nothing in the record which tends to show that such was the case.

The statute, C. S., 4506, provides: "Any person who shall, while intoxicated or under the influence of intoxicating liquors or bitters, morphine or other opiates, operate an automobile upon the public highways of any county or the streets of any city or town in this State, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than $50 or imprisoned not less than thirty days, or both, at the discretion of the court." The offense is a most serious one, and in the judgment of the General Assembly it was necessary to enact this provision for the protection of the public from the dangers incident to the operation of powerful and rapidly moving automobiles operated by persons in the condition denounced in the statute. The penalty was

intended to be sufficient to deter from the commission of the crime, and the limitation prescribed a minimum and not a maximum punishment. The assignment of error cannot be sustained upon anything that appears in this record.

At the hearing here an exception was taken, for the first time, that the defendant could not be punished in excess of the jurisdiction of the municipal court, because no bill had been found, but this exception, if it could be taken orally, without assignment in the record, cannot be sustained. The statute creating the Municipal Court of Guilford, Laws 1909, ch. 651, sec. 3, prescribing the criminal jurisdiction of that court, specifies the criminal offenses of which it is given jurisdiction, none of which includes this offense, which indeed was not then created, the offense having been created since by Laws 1919, ch. 243, now C. S., 4506. From this it is clear that such court had no jurisdiction of this offense except to bind over the defendant to the Superior Court, which was done, and the defendant gave bond to appear at that court and "answer this charge." The bond is not set out in the record, but it is to be presumed that the defendant was bound over, reciting that he had been fined and appealed, but his bond was to "appear and answer the charge in the Superior Court," and the recital of the appeal, if made, was mere surplusage as the municipal court had no jurisdiction to do more than bind him over, and the trial in that court was a nullity.

When the defendant, bound over to the Superior Court to answer this charge, in open court pleaded guilty, he waived the indictment. The waiver of the bill of indictment is expressly authorized by Laws 1907, ch. 71, now C. S., 4610, as to "A misdemeanor which does not include or contain the element of fraud, deceit, or malice," and it was entered "upon a plea of guilty" and "with the consent of the defendant's counsel."

The Constitution, Art. IV, sec. 13, authorizes the waiver of a trial by jury "in all issues of fact, joined in any court." If a petit jury can be waived, of course the lesser requirement of the charge being formulated by grand jury could be waived, and C. S., 4610, is, on its face, a restriction upon the unlimited right, theretofore more freely exercised, of waiving an indictment.

On the other hand, if the recorder's court possessed the jurisdiction to render final judgment, notwithstanding C. S., 1567 (last clause therein), upon appeal no indictment was necessary. This was held in *S. v. Jones,* 145 N. C., 460, citing *S. v. Lytle,* 138 N. C., 746, upon an appeal from the recorder's court of Winston, where it was held: "In the Superior Court, upon appeal from conviction for a petty misdemeanor, indictment by grand jury is dispensed with." In *S. v. Jones,* 145 N. C., 460, it is said: "In like manner, when a case is tried in

the Superior Court on appeal from a justice of the peace, no indictment is required. *S. v. Quick,* 72 N. C., 243; *S. v. Thornton,* 136 N. C., 616."

To same purport *S. v. Crook,* 91 N. C., 540, and the reason is nowhere better given than by *Judge Merrimon* in that case and by *Judge Reade* in *S. v. Quick, supra.* Whether the recorder had jurisdiction or not the sentence appealed from is authorized by the statute and valid.

When the defendant, in pursuance of the terms of his bond, appeared in open court, and with the consent of his counsel pleaded guilty, this was a waiver of indictment for an original offense in that court under the terms of C. S., 4610, and if he appeared to answer the charge upon appeal, no indictment was necessary upon the authorities above cited. In either event, when the defendant pleaded guilty there was no issue requiring a petit jury and still less any requirement of indictment. Why do an unnecessary act? In *S. v. Koonce,* 108 N. C., 754, *Merrimon, C. J.,* said, "If the defendant pleaded *nolo contendere,* or 'guilty,' the court might have proceeded to give judgment."

In *S. v. Warren,* 113 N. C., 684, the Court held that "where a defendant pleads guilty, his appeal from a judgment thereon cannot call in question the facts charged nor the regularity and correctness of the proceedings," but only brings up for review whether the judgment is legal upon the charge admitted, and accordingly in this case the sole assignment of error is that the sentence is excessive punishment, forbidden by the Constitution. Judgment

Affirmed.