## STATE v. NICK SALEEBY.

(Filed 15 March, 1922.)

**1. Criminal Law—Intoxicating Liquor—Spirituous Liquor—Misdemeanor —Grand Jury—True Bill—Courts—Jurisdiction.**

Where a recorder's court is given. jurisdiction in trials for the posses-
sion and unlawful sale of intoxicating liquor, with authority to transfer
the same to the Superior Court upon defendant's desiring a jury trial, it
is unnecessary, when such is done, that a true bill will be found in the
latter court, the lower court having jurisdiction of the misdemeanor.

**2. Criminal Law—Intoxicating Liquor—Spirituous Liquor—Indictment—
Evidence—Trials.**

Exception that there was no evidence that the defendant unlawfully
sold intoxicating liquor to the person named in the indictment, is unten-
able, when after the defendant has introduced evidence at the trial, the
State has, in rebuttal, introduced evidence that the defendant had sold
such liquor to the person, as charged in the indictment.

**3. Same—Surplusage.**

It is not necessary, for conviction, that an indictment for the possession
and unlawful sale of intoxicating liquor charge the sale was made to a
specified person, and where the indictment does so charge, it is surplusage.

**4. Appeal and Error—Instructions—Corrections—Objections and Excep-
tions.**

The Supreme Court may allow a correction in the case on appeal to
make the record speak the truth when it is sufficiently made to appear
that the trial judge will do so if afforded an opportunity, and thus render
ineffectual an error assigned thereto, when the correction has been thus
made.

**5. Criminal Law—General Verdict—Appeal and Error—New Trial.**

Upon a general verdict on two counts of an indictment, error as to one
of them alone will not entitle the defendant to a new trial on appeal.

**6. Courts—Instructions—Argument of Counsel—Prejudicial Argument—
Evidence—Appeal and Error—Error Effaced.**

Where the solicitor has gone beyond the evidence in his speech to the
jury, to the prejudice of the defendant in a criminal action, and it appears
that the trial judge had stopped him and required him to withdraw his
statement in the presence of the jury, and instructed the jury that there
was no evidence thereof, and not to consider it, the effect of the prejudicial
remarks of the solicitor will be held on appeal as effaced, and a new trial
will not be ordered.

**7. Evidence—Character—Reputation—Voluntary Restriction by Witness.**

Where the defendant, being tried for violating our prohibition statutes,
takes the stand, he puts his character in issue; and where a witness, in
response to the solicitor's question, states that it is bad, and then volun-
tarily qualifies his answer by adding, "for selling liquor," the admission in
evidence of this qualification is not erroneous.

APPEAL by defendant from *Horton, J.,* at August criminal term of PITT.

The defendant was arrested on a warrant issued from the mayor's court of Greenville, charging (1) possession of liquor for sale; and (2) charging the sale thereof to one Guy Caton; and was bound over to the recorder's court. Under Public-Local Laws 1915, ch. 681, sec. 3, establishing an inferior court for Pitt, the judge was given power to transfer any cause therein pending to the Superior Court, and the defendant desiring a jury trial, the case was transferred to the Superior Court. And from the general verdict of guilty, and sentence, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Albion Dunn for defendant.*

CLARK, C. J.  The defendant was convicted upon both counts on a general verdict.  There was evidence of the sale of liquor by the defendant to the three State's witnesses, and also that the defendant was a source from whom the bell-boys of the Proctor Hotel had obtained whiskey for the past two years for guests at that hotel.

The defendant's first assignment of error was that there was no bill of indictment by the grand jury.  It was not necessary that a bill of indictment should have been found against the defendant in the Superior Court, as the lower court had jurisdiction of this misdemeanor.  *S. v. Lytle,* 138 N. C., 738; *S. v. Boyd,* 175 N. C., 791, and *S. v. Publishing Co.,* 179 N. C., 720.  The defendant moved for a nonsuit at the close of the State's evidence, because there was no evidence at that time of the sale to Guy Caton, but that was obviated by the fact that the defendant put on evidence, and the State in its reply proved, a sale to Guy Caton. *S. v. Ingram,* 180 N. C., 673.  Besides, C. S., 3383, provides: "It shall not be necessary to allege a sale to a particular person." *S. v. Brown,* 170 N. C., 714, and the allegation in the warrant of the sale to Caton, even if it had not been proven, would have been mere surplusage. *S. v. Lemons,* 182 N. C., 829.

The case on appeal contained an assignment of error in the charge, but the Attorney-General moved the court for leave to correct the statement of the case in that particular, alleging an inadvertence in making up the case on appeal, and the willingness of Horton, J., if given an opportunity, to correct the mistake.  This Court has repeatedly held that it will not correct a statement of a case on appeal unless the party moving for such corrections makes it clear to the Court, usually by letter from the judge, that he will make the correction if given the oppor-

tunity. *Slocumb v. Construction Co.,* 142 N. C., 351, and cases there cited. On motion by the Attorney-General, and notice thereof to counsel for the defendant, the case on appeal was amended by the judge, upon being given the opportunity to do so.

There being a general verdict upon two counts, if there is no error as to one the verdict and judgment will stand. We, however, find no error as to the second count, also. In the course of the argument the solicitor stated to the jury that "they could not afford not to convict the defendant for the reason that he had sold so much liquor in town that an indignation meeting had been held in front of the National Bank about this matter." In apt time, and immediately upon this statement, the counsel for the defendant arose and objected to the remark, for the reason that there was no evidence to support the statement, and the same was highly prejudicial to the defendant. His Honor stopped the solicitor in his argument and required him to withdraw his statement, which he did then and there, in the presence of the jury, and the judge charged the jury not to consider the same, as there was no evidence to support it, and not to consider it.

The remark of the solicitor was improper, and the court did all that could be done to correct any injurious impression that the jury might have received therefrom. It would be exceedingly detrimental to the administration of justice if a remark of counsel during the progress of the trial, or even an inadvertent expression of the judge should be construed as so injurious that the proceedings are hopelessly invalid. When the judge has plainly stated to the jury that the remarks were improper and carefully cautioned them that the remarks should be not considered, all has been done that is reasonably necessary to obviate the effect.

In *S. v. Jacobs,* 106 N. C., 696, where there was an exception that an incidental remark of the judge invalidated the proceedings, this Court said: "Our juries are usually men of intelligence, competent to understand the evidence and draw their own conclusions as to the facts. To construe every remark incidentally made by the judge in ruling upon debated questions arising on the trial, or otherwise, to have such weight upon the mind of the jury as to bias the freedom of their verdict is as little complimentary to the intelligence and sturdy independence of those who compose our juries as it is to the impartiality of those who are called upon to preside over our Superior and criminal courts." This was cited and approved in *S. v. Baldwin,* 178 N. C., 690, and in other cases there cited. In *S. v. Crane,* 110 N. C., 535, the Court, in commenting upon the exception that though the judge had withdrawn the evidence from the jury, they would still be affected by it, said: "Jurors are not supposed to possess legal training; their province is not to pass upon considerations of law, but their grasp of the facts is usually just

and accurate, and probably no term of court passes that upon the jury there are not men of equal mental capacity with the judge who presides or the counsel who address them. Jurors are not in their nonage, and it is not just to underrate their intelligence."

The defendant, having gone on the witness stand, put his character in issue. A witness testified that the defendant's character was bad, voluntarily qualifying it by adding, "for selling liquor." This was not erroneous. *S. v. Butler,* 177 N. C., 585. Besides, that fact fully appeared in the evidence on the facts.

It appears from the evidence that the defendant was proven not only to be guilty, but was shown to be a hardened offender against the law in this particular. Upon consideration of all the exceptions, we find

No error.