STATE v. V. M. RAWLS.

(Filed 2 November, 1932.)

**Indictment A a—In this case prosecution should have been dismissed for want of proper indictment.**

The statutory crime of misapplication of partnership funds by a member of the partnership, chapter 127, Public-Local Laws of 1921, is a misdemeanor, and where a county court having original criminal jurisdiction of petty misdemeanors only issues its warrant for such violation, chapter 681, Public-Local Laws of 1915, the warrant is invalid, and where the

defendant has been granted a new trial on a former appeal in the Supreme Court, and upon the second trial in the Superior Court the defendant is tried without an indictment and moves to dismiss the action for want of jurisdiction, the motion should be allowed. Art. I, sec. 12.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1932, of PITT. Action dismissed.

This is a criminal action begun in the county court of Pitt County. The defendant was tried in said court on a warrant issued on an affidavit in which it was charged that defendant had violated the provisions of chapter 127, Public Laws of North Carolina, 1921. This statute is entitled, "An act making the appropriating of partnership funds to the use of any partner without due consent a misdemeanor," and provides that "any person or persons violating the provisions of this act, upon conviction, shall be punished as is now done in cases of misdemeanors." The statute by its express terms became effective from and after 4 March, 1921.

From judgment on his conviction in the county court, the defendant appealed to the Superior Court of Pitt County. The action was first tried at January Term, 1932, of the Superior Court. The defendant was convicted at this trial, and appealed to the Supreme Court. On this appeal it was held that defendant was entitled to a new trial for error in the instructions of the court to the jury. *S. v. Rawls,* 202 N. C., 397, 162 S. E., 899.

The action was again tried at April Term, 1932, of the Superior Court of Pitt County. When the action was called for trial at said term, the defendant by motion, challenged the jurisdiction of the Superior Court to try him on the warrant issued by the county court. There was no indictment in the Superior Court. The defendant excepted to the refusal of the court to allow his motion that the action be dismissed. The action was thereupon tried in the warrant issued by the county court, and the defendant was again convicted.

From judgment that he be imprisoned in the common jail of Pitt County for a term of fifteen months, and assigned to work on the public roads under the State Highway Commission, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Shaw & Jones for defendant.*

CONNOR, J. The county court of Pitt County was created by and organized under chapter 681, Public-Local Laws of North Carolina,

1915. The jurisdiction of this Court, both civil and criminal, is prescribed by the statute. The validity of the statute was challenged by the defendant in *S. v. Boyd,* 175 N. C., 791, 95 S. E., 161, on the ground that the statute is unconstitutional. It is said in the opinion in that case that the statute is valid, and that the constitutionality of courts such as the court created by the statute has been settled by repeated decisions of this Court. Constitution of North Carolina, Art. IV, sections 2 and 12.

It is provided in section 4 of chapter 681, Public-Local Laws of North Carolina, 1915, that the court created by said statute shall have original jurisdiction of all misdemeanors "as contained in chapter 81, of the Revisal of 1905 and acts amendatory thereof, where the punishment does not exceed a fine of two hundred dollars and imprisonment for two years." Such offenses are declared by the statute to be petty misdemeanors. It is further provided by said section that said court shall have original jurisdiction of all crimes which under the common law are misdemeanors, and punishable in the discretion of the court. Such crimes are declared by the statute to be petty misdemeanors. Trials in said county court of all criminal actions of which the court has original jurisdiction shall be on warrants issued by the clerk of said court.

Chapter 127, Public-Local Laws of North Carolina, 1921, is not and does not purport to be an amendment of any section of chapter 81 of the Revisal of 1905, or of chapter 82 of the Consolidated Statutes of 1919 which has superseded chapter 81 of the Revisal of 1905. The offense defined by said statute is not a common-law crime; it is a statutory crime, punishable as a misdemeanor. It is not declared by the statute or elsewhere to be a petty misdemeanor, and for that reason within the original jurisdiction of the county court of Pitt County. The said court, therefore, did not have such jurisdiction of this action. It follows that the Superior Court of Pitt County was without jurisdiction to try the defendant on the warrant issued by the clerk of the county court. It is expressly provided by section 12 of Article I of the Constitution of North Carolina that "no person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment." The charge in this action does not come within the exception allowed by this section.

There was error in the refusal of the court to dismiss the action on the motion of the defendant, challenging its jurisdiction to try the defendant on the warrant issued by the clerk of the county court. In the absence of an indictment, the action should be and is

Dismissed.