Criminal prosecution tried upon warrant charging the defendant with operating "a whiskey still and having whiskey in his possession for the purpose of sale (amended — this being a second offense for manufacturing whiskey)."
The warrant was issued 16 September, 1935, charging the offense as having been committed on the same day.
On 3 August, 1936, the warrant was amended so as to charge a second offense, making it a felony; whereupon the defendant waived preliminary hearing and was bound over to the Superior Court for trial.
At the October Term, 1936, Duplin Superior Court, a bill of indictment was returned by the grand jury, upon which the solicitor took a "nol.pros." at the January Term, 1937, and the cause was remanded to the general county court for trial upon the original warrant.
When the case was reached for trial in the general county court on 11 October, 1937, the defendant moved to dismiss for that the offense charged in the warrant was committed more than two years prior thereto. Overruled; exception.
The defendant was convicted in the general county court and sentenced to twelve months on the roads. From the judgment he appealed to the Superior Court of Duplin County. *Page 382 
Upon the call of the case in the Superior Court the defendant moved to quash and renewed his motion to dismiss. Overruled; exception.
Verdict: Guilty.
Judgment: Two years on the roads.
Motion in arrest of judgment denied.
Defendant appeals, assigning errors.
The defendant has been tried upon a warrant charging him with a felony, to wit, the second offense of manufacturing spirituous liquors. C. S., 3409; S. v. Burnett, 184 N.C. 783, 115 S.E. 57. For this offense trial may be had only upon a bill of indictment found by a grand jury. S. v.Hyman, 164 N.C. 411, 79 S.E. 284.
In this view of the matter the defendant's plea of the statute of limitations, C. S., 4512, on the misdemeanor count becomes immaterial. S.v. Hedden, 187 N.C. 803, 123 S.E. 65.
Whether the solicitor can now proceed upon the bill of indictment, thenolle prosequi being without leave, is not before us for decision. S. v.Williams, 151 N.C. 660, 65 S.E. 908.
The motion in arrest of judgment is well taken.
Judgment arrested.