STATE v. ADAM JOHNSON.

(Filed 19 October, 1938.)

**Courts §§ 2a, 7—Mayor's court held without jurisdiction of charge of operating motor vehicle under influence of intoxicating liquor.**

Defendant was tried in the mayor's court of North Wilkesboro on charges of operating a motor vehicle while under the influence of intoxicating liquor and reckless driving. On appeal to the Superior Court, judgment was pronounced exceeding that permitted for the offense of reckless driving alone. *Held:* The mayor's court was without jurisdiction of the charge of operating a motor vehicle while under the influence of intoxicating liquor, and even conceding it had jurisdiction of the charge of reckless driving, the sentence exceeded that permitted for that offense, and the trial of defendant in the Superior Court upon the warrants, without a bill of indictment first being found and returned was a nullity. Ch. 144, Private Laws of 1913; C. S., 2621 (102).

APPEAL by defendant from *Pless, J.,* at March Term, 1938, of WILKES. Remanded.

This is a criminal action tried on warrants issued by the mayor of North Wilkesboro. The defendant was tried in the mayor's court of said town under two warrants in which he was charged with the crime of reckless driving and the crime of operating a motor vehicle on the public highways of North Wilkesboro while under the influence of intoxicating liquors. He was convicted on each of said charges and he appealed from the judgments pronounced. In the Superior Court, there being certain other charges against this defendant and one Green Johnson, all of the cases were consolidated for trial. The jury returned a verdict against this defendant of guilty of operating a car while under the influence of liquor and of reckless driving. It failed to agree as to the other charges and as to them a mistrial was ordered.

From judgment pronounced on the verdict of the jury the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Trivette & Holshouser and Hayes & Hayes for defendant, appellant.*

BARNHILL, J. The defendant in due time appeared and filed a motion in this Court to dismiss this action for that the court below was without jurisdiction to try the defendant and to impose sentence upon the verdict rendered.

In the court below the defendant was put to trial on the warrants issued by the mayor of North Wilkesboro. No bill of indictment was found and returned against him. This was permissible only in the event the mayor of North Wilkesboro had final jurisdiction under the warrants issued by him.

The charter of the town of North Wilkesboro was revised and amended by chapter 144, Private Laws 1913. By the terms of said act the mayor of said town was constituted a special court with limited jurisdiction of criminal offenses occurring within the limits of said town and within two miles from the corporate limits thereof. This statute in section 9 enumerates in detail the several offenses of which the said court is given jurisdiction and provides further: "And all misdemeanors as contained in chapter 81 of the Revisal of 1905 of North Carolina, and acts amendatory thereof, where the punishment does not exceed a fine of $200.00 and imprisonment for one year, and all crimes which under the common law are misdemeanors wherein the punishment is in the discretion of the court." Amendments to said act, ch. 286, Private Laws 1915, ch. 34, Private Laws Extra Session, 1920, are not here material.

Neither reckless driving nor operating a motor vehicle while under the influence of intoxicating liquors is included in the list of offenses of which the mayor's court of North Wilkesboro is given jurisdiction. Neither offense is a common law misdemeanor. The punishment for operating a motor vehicle while under the influence of liquor is not limited to a fine of not more than $200.00 and imprisonment for not more than one year. *S. v. Jones,* 181 N. C., 543. Reckless driving is defined and made a criminal offense under the motor vehicle law and is not an act amendatory of ch. 81, Revisal 1905. But even if it be conceded that the mayor had jurisdiction of this charge the sentence imposed exceeds that permitted by statute for the commission of this offense. C. S., 2621 (102). The jurisdiction of the mayor was limited to that of a committing magistrate. The trial of the defendant upon

the warrants, without a bill of indictment first being found and returned, was a nullity.

This cause is remanded with directions that judgment be entered striking out the former judgment and the verdict of the jury herein. This is without prejudice to the right of the solicitor to proceed under bills of indictment if he may be so advised.

Remanded.