STATE v. JOHN SAMIA.

(Filed 16 October, 1940.)

**Constitutional Law § 26—**

Where a prosecution for unlawfully selling intoxicating liquors is transferred from the recorder's court to the Superior Court, defendant may be there tried upon the original warrant without a bill of indictment. Public Laws of 1929, ch. 115, sec. 2.

APPEAL by defendant from *Bone, J.,* at February Term, 1940, of CRAVEN.

The defendant was charged with unlawful sale of intoxicating liquor. From judgment on verdict of guilty, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*J. A. Jones for defendant.*

PER CURIAM. A witness for the State testified that he bought a pint of whiskey from the defendant. The defendant offered no evidence. The only question was the credibility of the State's witness. The jury was satisfied beyond a reasonable doubt of defendant's guilt and rendered verdict accordingly. In the trial we find

No error.

## MOTION IN ARREST OF JUDGMENT.

In this Court defendant entered a motion in arrest of the judgment on the ground that the case was transferred from the Craven County recorder's court to the Superior Court for trial, and that defendant was there tried upon the original warrant without a bill of indictment. This procedure was authorized by statute, Public Laws 1929, ch. 115, sec. 2, and has been upheld by this Court in *S. v. Publishing Co.,* 179 N. C., 720, 102 S. E., 318; *S. v. Saleeby,* 183 N. C., 740, 110 S. E., 844. See, also, *S. v. Boykin,* 211 N. C., 407, 191 S. E., 18.

Motion in arrest of judgment denied.