STATE v. NATHAN TURNER.

(Filed 26 November, 1941.)

**1. Intoxicating Liquor § 9d—**

Circumstantial evidence *held* sufficient to show defendant's possession of intoxicating liquor for the purpose of sale.

**2. Constitutional Law § 26—**

Since a recorder's court has final jurisdiction of a prosecution for possession of intoxicating liquor for the purpose of sale, a defendant may be tried therein upon a warrant and, upon appeal, may be tried in the Superior Court upon the original warrant.

APPEAL by defendant from *Pless, J.,* at August Term, 1941, of MOORE.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*W. R. Clegg for defendant, appellant.*

SEAWELL, J. The defendant was tried and convicted in recorder's court upon a warrant charging the possession of seven pints of bonded liquor for the purpose of sale. He appealed to Superior Court, where he was again convicted and sentenced to serve upon the public roads for a period of two years, from which judgment he appeals. The case comes here upon defendant's demurrer to the evidence and motion for judgment as of nonsuit. Also, in this Court, he challenges the jurisdiction of the Superior Court because he was not tried under an indictment there found.

The evidence discloses that the officers went to defendant's premises about eleven o'clock at night, finding two women seated in a waiting automobile, and seeing two men, each with a dollar bill in his hand, in defendant's living quarters. Defendant was proceeding from an outhouse in the direction of his living quarters; and at the onset of the officers, he threw a package, later found to contain two pint bottles of whisky, into an old car. The waiting men fled through the window. Five more unsealed pints of liquor were found hidden in a bed in the outhouse. This evidence, unaided by any statutory presumption, was sufficient to show

both the possession and its purpose. *S. v. Langley,* 209 N. C., 178, 183 S. E., 526; *S. v. Elder,* 217 N. C., 111, 6 S. E. (2d), 840.

The recorder's court had final jurisdiction of the case; trial therein was properly had upon the warrant; and on appeal to the Superior Court, the defendant was properly tried on the original warrant. *S. v. Saleeby,* 183 N. C., 740, 110 S. E., 844; *S. v. Samia,* 218 N. C., 307, 10 S. E. (2d), 916; chapter 277, sec. 30, Public Laws of 1919; chapter 110, sec. 6, Public Laws of 1921; C. S., 1571 (Michie's Code, 1939). We find

No error.