STATE v. WILLIAM HENRY SHINE.

(Filed 4 November, 1942.)

**1. Constitutional Law §§ 26, 27—**

The Legislature has power to designate the unlawful possession and transportation of intoxicants a petty misdemeanor and to provide other means of trial for the offense than by indictment and trial by jury. N. C. Const., Art. I, secs. 12, 13.

**2. Criminal Law §§ 13, 15: Courts § 2a—**

Upon conviction in a county court of a misdemeanor within the final jurisdiction of such court, upon a warrant sworn out before a justice of the peace, on appeal the Superior Court has derivative jurisdiction to try defendant upon the same warrant without a bill of indictment found by the grand jury.

APPEAL by defendant from *Stevens, J.,* at April Term, 1942, of DUPLIN. No error.

Upon a warrant sworn out before a justice of the peace, charging the defendant with unlawfully transporting and possessing intoxicating liquor for the purpose of sale, probable cause was found, and he was bound over to the general county court of Duplin County. In the county court he pleaded not guilty to the charge contained in the warrant, was convicted, and appealed to the Superior Court. In the Superior Court he was tried upon the original warrant and found guilty by the jury. From judgment on the verdict the defendant appealed to the Supreme Court.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Rivers D. Johnson for defendant.*

DEVIN, J. The defendant challenged the validity of his conviction and sentence in the Superior Court upon the ground that he was tried upon the original warrant and without a bill of indictment having been found by the grand jury.

Since the offense with which he was charged was a misdemeanor, and, under the statute applicable to Duplin County, within the final jurisdiction of the general county court, his appeal from conviction in that court gave to the Superior Court derivative jurisdiction to try him upon the

same warrant without the necessity of a bill of indictment having been found by the grand jury. The procedure seems to have been in accord with the statutes as interpreted by this Court.

By virtue of ch. 216, sec. 13 (4), Public Laws 1923 (Michie's Code, 1608 [m]), the general county court of Duplin County had exclusive and final jurisdiction of the offense charged, it coming within the definition of petty misdemeanor as declared by the Act. This statute further provides that when a justice of the peace issues a warrant charging an offense not within his own jurisdiction, but within the jurisdiction of the general county court, he shall bind the defendant over to the county court. This procedure was followed in the case at bar, and the defendant having appeared and pleaded to the charge in the county court, that court had final jurisdiction, subject to the defendant's right of appeal.

Since the offense here charged was one of those declared by legislative definition to be a petty misdemeanor, it came within the provisions of Art. I, sec. 13, of the Constitution of North Carolina by which the Legislature was empowered to provide "other means of trial" (that is other than by indictment and jury trial), "for petty misdemeanors, with right of appeal." The declaration of Art. I, sec. 12, that no person shall be put to answer a criminal charge but by indictment, presentment or impeachment, is coupled with the phrase "except as hereinafter allowed." The Legislature, in the exercise of the power thus conferred, has designated the offense here charged a petty misdemeanor, and provided the means of trial. It was within the power of the Legislature to define what offenses should be classed as petty misdemeanors, provided the punishment therefor should not be that of a felony. *S. v. Crook,* 91 N. C., 536; *S. v. Lytle,* 138 N. C., 738, 51 S. E., 66; *S. v. Shine,* 149 N. C., 480, 62 S. E., 1080; *S. v. Hyman,* 164 N. C., 411, 79 S. E., 284; *S. v. Camby,* 209 N. C., 50, 182 S. E., 715.

The criminal offense charged having been sufficiently set out in the original warrant, upon which the defendant was bound over to the county court and to which he pleaded in that court, there was no necessity or requirement that a new warrant charging the same offense in the same language should have been issued by the county court, and upon the defendant's appeal to the Superior Court he was properly tried there upon the same warrant upon which the conviction appealed from had been had in the county court. *S. v. Turner,* 220 N. C., 437, 17 S. E. (2d), 501; *S. v. Samia,* 218 N. C., 307, 10 S. E. (2d), 916; *S. v. Saleeby,* 183 N. C., 740, 110 S. E., 844.

In *S. v. Johnson,* 214 N. C., 319, 199 S. E., 96, cited by defendant, the defendant in that case was tried before the Mayor of North Wilkesboro on the charge of operating a motor vehicle on the highway while under the influence of intoxicating liquor, and appeal was taken to the

Superior Court. It was held that, as the mayor did not have final juris-
diction of the offense, the defendant could not be tried in the Superior
Court without a bill of indictment. The distinction between that case
and the instant case is apparent.

Defendant's exceptions to the form of the verification of the complaint
upon which the warrant was issued, to the admission of evidence in
contradiction of one of defendant's witnesses, and to the failure of the
court, in the charge, to comply with the requirements of C. S., 564,
cannot be sustained.

In the trial we find

No error.