73 S.E.2d 283 (1952)
236 N.C. 454
STATE
v.
THOMAS.
No. 295.
Supreme Court of North Carolina.
November 19, 1952.
*285 Harry McMullan, Atty. Gen., T. W. Bruton, Asst. Atty. Gen., and Robert L. Emanuel, Member of Staff, Raleigh, for the State.
C. W. Beaman, Snow Hill, for the defendant, appellant.
ERVIN, Justice.
The defendant asserts that his conviction and sentence in the superior court are invalid because he was tried upon the original warrant rather than upon an indictment found by a grand jury.
When the representatives of the freemen of North Carolina met in convention at Halifax in 1776 to frame a constitution for the newly born state, they knew how grossly the English Crown had abused its legal power to prosecute its subjects upon informations preferred by its prosecuting attorneys without the intervention of a grand jury. State v. Ledford, 203 N.C. 724, 166 S.E. 917; State v. Guilford, 49 N.C. 83. To forestall like abuses of criminal accusations in the infant commonwealth, they placed the emphatic prohibition "that no freeman shall be put to answer any criminal charge, but by indictment, presentment, or impeachment" in Section 8 of the Declaration of Rights, which constituted an integral part of the original Constitution of North Carolina. When it rewrote the State Constitution, the Convention of 1868 designated this constitutional provision as Section 12 of Article 1, and recast it in less absolute diction by substituting the term "person" for the term "freeman," and by interposing the phrase "except as hereinafter allowed" between the words "charge" and "but." Eighty-two years later, to-wit, at the general election of November 7, 1950, the voters of North Carolina amended Section 12 of Article 1 of the State Constitution by adding to it an additional clause providing that "any person, when represented by counsel, may, under such regulations as the Legislature shall prescribe, waive indictment in all except capital cases." As a result of these mutations, the constitutional provision prescribing the mode of prosecution in criminal cases is now couched in this language: "No person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment, or impeachment, but any person, when represented by counsel, may, under such regulations as the Legislature shall prescribe, waive indictment in all except capital cases."
The term "indictment" is used in this constitutional provision to signify a written accusation of a crime drawn up by the public prosecuting attorney and submitted to the grand jury, and by them found and presented on oath or affirmation as a true bill. State v. Morris, 104 N.C. 837, 10 S.E. 454; State v. Walker, 32 N.C. 234; State v. Tomlinson, 25 N.C. 32; State v. Christmas, 20 N.C. 545; 42 C.J.S., Indictments and Informations, § 7. The term "presentment" is used in this constitutional provision to denote an accusation made, ex mero motu, by a grand jury of an offense upon their own knowledge or observation, or upon information from others, without any bill of indictment having been submitted to them by the public prosecuting attorney. State v. Morris, supra; Lewis v. Board of Commissioners, 74 N.C. 194; *286 State v. Guilford, supra; 42 C.J.S., Indictments and Informations, § 7.
The experience of early days proved the practice of trying criminal cases upon the presentments of grand jurors to be wholly impracticable. As a consequence, the General Assembly of 1797 outlawed the practice by a statute, which has been retained to this day in slightly changed phraseology, and which now appears in this provision of the General Statutes: "No person shall be arrested on a presentment of the grand jury, or put on trial before any court, but on indictment found by the grand jury, unless otherwise provided by law." G.S. § 15-137. Since the adoption of the act of 1797, a presentment is regarded as nothing more than an instruction by the grand jury to the public prosecuting attorney for framing a bill of indictment for submission to them. State v. Cain, 8 N.C. 352; 42 C.J.S., Indictments and Informations, § 7.
The reasons which motivated the General Assembly to abolish the practice of trying criminal cases upon presentments were summarized in this fashion in State v. Guilford, supra: "Prior to the act of 1797, is was found that the presentments made by the grand juries were frequently so informal that a trial could not be had upon them, and very frequently the presentment would set out a matter which was not a criminal offense; so that sometimes the citizen was arrested and greatly oppressed when he had committed no violation of the public law, and oftentimes he was put to the trouble and expense of a trial, when, if the public law had been violated, the charge was made without the averments necessary to insure certainty in judicial proceedings, and it was necessary to enter a nol.pros. and send a bill of indictment. To remedy these evils, the act of 1797 was passed, but it made no change in the distinction between an indictment and a presentment."
With prosecutions on presentments outlawed by legislative fiat, Section 12 of Article 1 of the North Carolina Constitution, either of itself or in combination with other constitutional provisions, requires criminal cases to be prosecuted in the Superior Court in the modes specified in the six numbered paragraphs set out below.
1. A person charged with the commission of a capital felony can be prosecuted only on an indictment found by a grand jury. N.C.Const. Art. 1, Sec. 12.
2. A person charged with the commission of a non-capital felony must be prosecuted on an indictment found by a grand jury State v. Sanderson, 213 N.C. 381, 196 S.E. 324, unless he waives his right to be proceeded against by indictment in conformity to regulations prescribed by the legislature. N.C.Const. Art. 1, Sec. 12. These regulations are as follows: "In any criminal action in the superior courts where the offense charged is a felony, but not one for which the punishment may be death, the defendant may waive the finding and return into court of a bill of indictment when represented by counsel and when both the defendant and his counsel sign a written waiver of indictment. Where the finding and return into court of a bill of indictment charging the commission of a felony is waived by the defendant, the prosecution shall be on an information signed by the solicitor. The information shall contain as full and complete a statement of the accusation as would be required in an indictment. The written waiver by the defendant and his counsel shall appear on the face of the information. Such counsel shall be one either employed by the defendant to defend him in the action or one appointed by the court to examine into the defendant's case and report as to the same to the court." 1951 Session Laws, Ch. 726, Sec. 2, and 1951 Cumulative Supplement to the General Statutes, § 15-140.1.
3. When he appeals to the superior court from the judgment of a justice of the peace on his conviction in a prosecution for a misdemeanor of which the justice has final jurisdiction under Article IV, Section 27, of the State Constitution, an accused may be tried for such misdemeanor in the superior court upon the original warrant of the justice of the peace and *287 without an indictment by a grand jury. N.C.Const. Art. 1, Secs. 12, 13; State v. Myrick, 202 N.C. 688, 163 S.E. 803; State v. Thornton, 136 N.C. 610, 48 S.E. 602; State v. Barker, 107 N.C. 913, 12 S.E. 115, 10 L.R.A. 50; State v. Crook, 91 N.C. 536; State v. Quick, 72 N.C. 241; State v. Simons, 68 N.C. 378; State v. Moss, 47 N.C. 66. A justice of the peace has final jurisdiction of a misdemeanor under Article IV, Section 27, of the State Constitution when the prescribed punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days.
4. As a general rule, a person charged with the commission of a misdemeanor in any case other than that specified in the preceding paragraph must be prosecuted in the superior court on an indictment found by a grand jury. State v. Patterson, 222 N.C. 179, 22 S.E.2d 267; State v. Clegg, 214 N.C. 675, 200 S.E. 371; State v. Johnson, 214 N.C. 319, 199 S.E. 96; State v. Rawls, 203 N.C. 436, 166 S.E. 332; State v. Myrick, supra; State v. Mc-Aden, 162 N.C. 575, 77 S.E. 298; State v. Barker, supra. This general rule is subject to two, and only two, exceptions. The first exception arose when the Convention of 1868 rephrased the constitutional provision prescribing the mode of prosecution in criminal actions, applies by its own terms only to cases heard in the superior court on appeals from inferior courts, and is discussed in detail in the next paragraph; and the second exception came into being when the voters of the State amended the constitutional provision prescribing the mode of prosecution in criminal actions at the general election of 1950, is restricted by statute to cases heard in the superior court otherwise than on appeals from inferior courts, and is considered in paragraph 6 set forth below.
5. The exceptive phrase in the provision of Section 12 of Article 1 of the State Constitution that "no person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment, or impeachment," and the provision of Section 13 of Article 1 of the State Constitution that "no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful persons in open court" must be read and interpreted with the second sentence of Section 13 of Article 1 of the State Constitution, which specifies that "the Legislature may, however, provide other means of trial, for petty misdemeanors, with the right of appeal." When this is done, these constitutional provisions empower the legislature to do these two things: (1) To provide means other than indictments by grand juries for the trial of petty misdemeanors, with the right of appeal; and (2) to provide means other than petit juries for the trial of petty misdemeanors, with the right of appeal. Since such question is not before us, we do not discuss how the legislature may exercise the authority conferred upon it by these constitutional provisions to provide means other than petit juries for the trial of petty misdemeanors. That matter has been considered in many cases. State v. Pulliam, 184 N.C. 681, 114 S.E. 394; State v. Pasley, 180 N.C. 695, 104 S.E. 533; State v. Tate, 169 N.C. 373, 85 S.E. 383; State v. Hyman, 164 N. C. 411, 79 S.E. 284; State v. Lytle, 138 N.C. 738, 51 S.E. 66; State v. Whitaker, 114 N.C. 818, 19 S.E. 376; State v. Crook, supra. The legislature exercises the power vested in it by these constitutional provisions to provide means other than indictments by grand juries for the trial of petty misdemeanors with the right of appeal when it declares offenses below the grade of felony, i. e., misdemeanors, to be petty misdemeanors; provides for the prosecution of such petty misdemeanors in an inferior court upon accusations other than indictments by grand juries; and confers upon such inferior court final jurisdiction of such prosecutions, subject to the right of the defendants to appeal from the inferior court to the superior court. State v. Shine, 222 N.C. 237, 22 S.E.2d 447; State v. Boykin, 211 N.C. 407, 191 N.C. 18; State v. Rawls, supra; State v. Myrick, supra; State v. Hyman, supra; State v. Crook, supra; When the legislature employs its constitutional authority in this way, and the defendant appeals to the superior court from the judgment of the inferior court on *288 his conviction in a prosecution for a misdemeanor of which the inferior court has final jurisdiction, the first exception to the general rule stated in paragraph 4 comes into play, and the defendant may be tried for such misdemeanor in the superior court upon the original accusation of the inferior court and without an indictment by a grand jury. State v. Shine, supra; State v. Turner, 220 N.C. 437, 17 S.E.2d 501; State v. Boykin, supra; State v. Beam, 184 N.C. 730, 115 S.E. 176; State v. Jones, 181 N.C. 543, 106 S.E. 827; State v. Shine, 149 N.C. 480, 62 S.E. 1080; State v. Jones, 145 N.C. 460, 59 S.E. 117; State v. Lytle, supra.
6. The second exception to the general rule stated in paragraph 4, i. e., that ordinarily a person charged with the commission of a misdemeanor must be prosecuted in the superior court on an indictment found by a grand jury, becomes operative when, and only when, the accused waives his right to be proceeded against by an indictment in accordance with regulations prescribed by the legislature. These regulations are as follows: "In any criminal action in the superior courts where the offense charged is a misdemeanor, the defendant may waive the finding and return into court of a bill of indictment. If the defendant pleads not guilty, the prosecution shall be on a written information, signed by the solicitor, which information shall contain as full and complete a statement of the accusation as would be required in an indictment. No waiver of a bill of indictment shall be allowed by the court unless by the consent of the defendant's counsel in such action who shall be one either employed by the defendant to defend him in the action or one appointed by the court to examine into the defendant's case and report as to the same to the court. The provisions of this section shall not apply to any case heard in the superior court on an appeal from an inferior court." G.S. § 15-140, as amended by 1951 Session Laws, Ch. 726, Sec. 1.
The defendant was charged by the warrant of the inferior court in the instant case with the commission of four general misdemeanors, i. e., misdemeanors punishable by a fine exceeding fifty dollars or imprisonment exceeding thirty days. The exceptive phrase of Section 12 and the second sentence of Section 13 of Article 1 of the State Constitution did not sanction the trial of the defendant in the superior court upon the warrant of the inferior court because there had been no trial upon the warrant in the inferior court and no appeal from that court to the superior court. Moreover, the defendant did not waive his right to be proceeded against in the superior court by indictment in accordance with the regulations prescribed by the legislature. In fact, he refused to do so. These things being true, the trial judge violated Section 12 of Article 1 of the State Constitution when he put the defendant on trial in the superior court for general misdemeanors without an indictment for such offenses having been returned by a grand jury. As a consequence, the conviction and sentence of the defendant are absolute nullities. State v. Sanderson, supra.
It is necessary to make these observations: (1) That the action of the trial judge in the instant case was in complete harmony with Chapter 435 of the 1951 Session Laws; and (2) that the decisions of this court in State v. Samia, 218 N.C. 307, 10 S.E.2d 916; State v. Saleeby, 183 N.C. 740, 110 S.E. 844, and State v. Greenville Publishing Co., 179 N.C. 720, 102 S.E. 318, either expressly or impliedly uphold similar statutes purporting to authorize the transfer of untried misdemeanor cases from an inferior court to the superior court and the initial trial of such transferred cases in the superior court upon the warrant of the inferior court. We are compelled to adjudge Chapter 435 of the 1951 Session Laws unconstitutional and to repudiate these prior holdings because this statute and these holdings are repugnant to the declaration plainly inherent in the second sentence of Section 13 of Article 1 of the North Carolina Constitution that a person charged with the commission of a misdemeanor cannot be put on trial in the superior court upon the warrant of an inferior court unless he has been tried upon such warrant in the inferior *289 court and has appealed from that court to the superior court.
Since it appears on the face of the record proper that the conviction and sentence are void, the judgment is arrested.
Judgment arrested.