STATE v. HUGH J. SLOAN.

(Filed 25 November, 1953.)

**1. Criminal Law § 14—**

It is not necessary for the transcript of the proceedings in an inferior court to show that the judgment entered in such court was signed by the judge.

**2. Criminal Law § 60a—**

It is not essential to the validity of a judgment that it make reference to the trial or the crime of which the defendant was convicted.

**3. Criminal Law § 56—**

Where the record shows that defendant was tried in a city court of competent jurisdiction upon a warrant charging a criminal offense returnable before the judge of that court, and that defendant was tried on the warrant, found guilty and judgment duly pronounced on the verdict, there is no fatal defect appearing on the face of the record, and defendant's motion in arrest of judgment on the ground that the record fails to show on its face that a trial was actually had before the judge of the city court and the transcript failed to show that the judgment was signed by the judge, is without merit.

**4. Criminal Law § 78c—**

In the absence of any exceptions in the record, the appeal will be taken as an exception to the judgment, and when the judgment is within the statutory limits and is predicated upon a verdict sufficient to support it, the appeal must fail.

APPEAL by defendant from *Burney, J.,* June Term, 1953, of WAKE.

It appears from the transcript of the record proper, there being no case on appeal, that a warrant was duly issued by the Clerk of the City Court of Raleigh, North Carolina, on 10 March, 1953, charging the defendant, Hugh J. Sloan, with driving an automobile on the public highways of Raleigh Township and on the public streets of the City of Raleigh, to wit: Wilmington and South Streets, while under the influence of intoxicating liquor. The record further discloses that the defendant was arrested on the same day the warrant was issued; that he was tried in the City Court of Raleigh on 1 April, 1953, adjudged guilty and ordered to pay a fine of $100.00 and costs, and to surrender his driver's license for revocation for a period of one year. Notice of appeal was given and bond fixed in the sum of $150.00.

Thereafter, on 15 April, 1953, the transcript of the proceedings in the City Court of Raleigh was received in the office of the Clerk of the Superior Court of Wake County and the case docketed for trial at the May Term, 1953. At the May Term the case was continued until the June Term, 1953, at which time the defendant was tried *de novo* on the warrant issued in the court below.

The jury returned a verdict of guilty and the court imposed on the defendant a fine of $100.00 and costs. The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Charles L. Abernethy, Jr., for appellant.*

DENNY, J. The defendant moves in this Court in arrest of judgment on the ground that the transcript of the record from the City Court of Raleigh filed in the Superior Court does not show on its face that a trial was actually had before the Judge of the City Court who was qualified and empowered to hear the case and pronounce judgment therein. And upon the further ground that the judgment as shown in the transcript was not signed by the Judge of the City Court, and did not state therein the offense of which the defendant was convicted.

The City Court of Raleigh is a court of competent jurisdiction to try such offenses as that charged against the defendant. Moreover, the transcript shows that the warrant was duly issued; that it was returnable before the Judge of the City Court of Raleigh; that the defendant was arrested pursuant thereto; that the warrant charged a criminal offense; that the defendant was tried thereon, found guilty and judgment duly pronounced on the verdict; that the defendant gave notice of appeal from the judgment and perfected his appeal in the Superior Court of Wake County by causing the case to be docketed therein for trial. This gave the Superior Court jurisdiction and the right to proceed to trial on the original warrant. *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283; *S. v. Shine,* 222 N.C. 237, 22 S.E. 2d 447; *S. v. Turner,* 220 N.C. 437, 17 S.E. 2d 501; *S. v. Samia,* 218 N.C. 307, 10 S.E. 2d 916.

It is not necessary for a transcript of the proceedings in an inferior court to show that the judgment entered in such court was signed by the trial judge. *Cf. S. v. Doughtie, ante,* 228, 77 S.E. 2d 642; *S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885; *S. v. Cale,* 150 N.C. 805, 63 S.E. 958.

Moreover, it is not essential to the validity of a judgment that it makes reference to the trial or the crime of which the defendant was convicted. *S. v. Edney,* 202 N.C. 706, 164 S.E. 23; *S. v. Taylor,* 194 N.C. 738, 140 S.E. 728. Furthermore, the defendant in the trial below did not challenge the validity of the proceedings in the City Court of Raleigh or the sufficiency of the transcript to perfect his appeal therefrom to the Superior Court. Therefore, since there is no fatal defect appearing on the face of the record, the motion in arrest of judgment is without merit.

The defendant entered no exceptions in the trial below. Consequently, the appeal cannot present anything more than an exception to the judg-

ment.  *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320.  The judgment is within the statutory limitations prescribed in such cases and is predicated upon a verdict sufficient to support it, *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; and since the record contains neither the evidence adduced in the trial below nor the charge of the court, it will be presumed that no error occurred in the course of the trial.